Ruth J. **RAUSCH**, Plaintiff-Appellant,

v.

Mark C. **RAUSCH**, Defendant-Appellee.

No. 2–65688.

Court of Appeals of Iowa.

Oct. 27, 1981.

Jerry L. Jones, Ames, for plaintiff-appellant.

James D. McCarragher, Iowa City, for defendant-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

## PER CURIAM.

Plaintiff-mother seeks review of trial court's finding of contempt for willful failure to provide court-ordered visitation to defendant-husband. She alleges that the record does not support a finding that she was in contempt and that the $1,000 monetary penalty assessed against her by the trial court for defendant's litigation and transportation costs is not authorized by law.

The marriage of Mark Rausch and Ruth Vander Schaaf (formerly Rausch) was dissolved February 9, 1970, giving custody of their only child, Kristin (one year old at the time), to Ruth. Mark was given specific visitation rights which he exercised over the years, not without difficulty. He resorted to the courts for help in 1973 and 1974, and in 1974 a stipulation was entered into whereby Mark had Kristin one weekend each month, usually at his parents' home in Iowa City. In 1978 Mark again went to court to modify the visitation provisions of the decree and stipulation; he had graduated from law school and was moving to Alaska. The court eventually ordered a summer five-week visit to occur annually in Alaska so long as Mark gave notice to Ruth and posted a bond to cover costs Ruth could incur should Mark ever refuse to return Kristin to Iowa. The order also continued the monthly visits for Kristin with Mark's parents.

Kristin spent five weeks with her father in Alaska in 1979, but in April and May of 1980, Ruth did not permit Kristin's monthly visits with her grandparents. They filed an application for contempt against Ruth, but at a hearing June 6, 1980, the judge declined to rule on the application pending the outcome of the visitation modification order then on appeal. (This court subsequently dismissed that appeal for lack of jurisdiction because of untimely filing.) The judge was assured by Ruth at the hearing, however, that Kristin would be going with Mark to Alaska June 14 as planned.

Kristin did not in fact go to Alaska in June, and hearing on an application for contempt citation against Ruth commenced July 22, 1980. Testimony from the parents, grandparents, and stepfather was taken, and the court found Ruth in contempt for willfully failing to comply with the visitation. The judge gave her opportunity to avoid incarceration by preparing Kristin in two days' time to leave for Alaska for five weeks or until she needed to be back for the opening of school in Iowa, but he did order Ruth to pay $1,000.00 to be applied toward costs and attorney's fees incurred by Mark in having to judicially enforce his visitation rights.

Before considering the specific issues raised here by Ruth, we note that she chose to appeal the trial court's order. This is incorrect. No appeal exists for punishment for contempt; the proper remedy is certiorari. *In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979). But Iowa Rule of Appellate Procedure 304 provides in pertinent part:

> If any case is brought by appeal or certiorari and the appellate court is of the

opinion that the other of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. We treat this action, therefore, as an application for a writ of certiorari. Pursuant to Iowa R.Civ.P. 306, a writ of certiorari is granted when specifically authorized by statute, or if an inferior court is alleged to have exceeded its proper authority or otherwise acted illegally. If there is jurisdiction of the parties and legal authority to make an order, the order must be obeyed however erroneous or improvident. *Lutz v. Darbyshire*, 297 N.W.2d 349, 352 (Iowa 1980). The action is at law and the review is therefore not de novo, so findings of fact by the trial court are generally not reviewable on certiorari. But, when a judgment of contempt is challenged, the rule is that all of the evidence is examined, not de novo, but to assure the appellate court that proof of contempt is clear and satisfactory, for if there is not substantial support for the findings of the inferior court, then it acted illegally. *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974).

I. Ruth first asserts that the trial court acted illegally in finding her in contempt because that finding is unsupported by the record. She contends that she did all that was necessary to prepare Kristin for the June 14 departure for Alaska and that the visitation did not take place solely because Kristin did not wish to go. Mark's position is that Ruth has an affirmative obligation to encourage Kristin to make the visit and that such obligation cannot be satisfied by disparaging or even neutral, behavior.

In examining the evidence before the trial court, it becomes clear that Ruth is less than pleased with continued contact between Mark and Kristin. Her testimony reveals no committment to the belief that it is in the best interest of her child to have opportunity for a relationship with the noncustodial parent. During the hearing on the present contempt citation, Ruth acknowledged that the court had directed at a previous hearing that she "do better than neutral" in regard to her attitude and prep-arations toward Kristin's visits with Mark. She said that while she had encouraged Kristin before the Alaska visit the previous summer, she had not done so this time because Kristin expressed a desire not to go again.

■ This situation is very much like that of *Wells v. Wells*, 168 N.W.2d 54, 64 (Iowa 1969), where the court, in upholding the finding of contempt against the mother for failing to return her sons after a visit said: "Defendant's [mother's] only apparent explanation is, the boys did not want to go with plaintiff [father]. But there is evidence the mother, at least indirectly, contributed to this situation and in any event did little or nothing to effect a correction." From our reading of the record in the present case, it clearly and satisfactorily appears that Ruth wilfully acted in disregard of the obligations imposed upon her by the court's prior orders on child visitations, as amplified by the admonishments given to her by the court at a prior hearing. We do not disturb the findings of contempt.

■ II. Ruth also asserts the trial court acted illegally by assessing a penalty against her for Mark's attorney's fees and travel costs incurred because of the litigation. Section 598.24, The Code, provides:

Nothing in this chapter shall prohibit the party entitled to support payment, or an interested party from initiating contempt proceedings on his own motion. If the defaulting party is found to be in contempt, the costs of such proceedings, including attorney's fees for the party initiating the proceedings in an amount deemed reasonable by the court, shall be taxed against such party.

The trial court assessed $1,000.00 by way of judgment against Ruth because of the costs Mark was forced to incur in pursuing enforcement of his rights. Ruth urges that there is no statutory authority for the assessment of such penalties. In this regard she argues that section 598.24, The Code, purporting to authorize assessment of costs and attorney fees against the "defaulting party" in certain contempt proceedings applies only to contempt proceedings brought

to enforce support payments. While the statute is not entirely clear on this point, we conclude that Ruth's interpretation is correct. We therefore find that the award for Mark's travel costs and attorney fees is not authorized in the present contempt proceeding, which in no way relates to failure to make support payments. We therefore sustain the writ as to this portion of Ruth's contentions before this court and rescind that portion of the trial court's order which assessed a $1,000 monetary penalty against Ruth. We also deny any claim by Mark for the allowance of attorney fees for this appellate proceeding. Costs in the appellate court are assessed three-fourths to Ruth, one-fourth to Mark.

WRIT SUSTAINED IN PART; ANNULLED IN PART.

All judges concur except DONIELSON, J., who specially concurs in part, dissents in part.

DONIELSON, Justice (specially concurring in part, dissenting in part).

I specially concur with that part of the majority opinion which affirms the trial court's findings of contempt, and reluctantly agree that section 598.24 is unclear as to whether costs and attorney's fees can be assessed against a "defaulting party" in a contempt proceeding which was not brought to enforce support payments.

I dissent in part, however, because I feel the majority's decision to merely affirm the trial court's findings of contempt is inadequate. The case should be remanded to allow the trial court an opportunity to apply the appropriate sanctions against appellant for being in willful contempt of the trial court's prior orders.