**In re the MARRIAGE OF David A. PITTMAN and Christine M. Pittman.**

**Upon the Petition of David A. Pittman, Appellant,**

**and concerning Christine M. Pittman, Appellee.**

**No. 83–149.**

Supreme Court of Iowa.

March 14, 1984.

John R. Sandre and Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for appellant.

Thomas Hyland and Thomas P. Schlapkohl of Hyland, Laden & Pearson, P.C., Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN and SCHULTZ, JJ.

McGIVERIN, Justice.

Petitioner David A. Pittman contends the trial court erred in four respects in a decree dissolving his marriage to respondent Christine M. Pittman. He asserts the court erred in giving Christine sole custody of their two children, in fixing the amount of child support, in dividing the property, and

in awarding Christine attorney fees. We affirm.

The parties were married in 1975. They have two children. Ryan was born in 1978 and Mathew in 1979. David is a district manager for a restaurant chain and earns about $2,000 net pay per month. Christine works for a finance company and nets approximately $700 per month. She is a high school graduate with one year of secretarial training.

The court gave Christine sole custody of the two children and directed David to pay child support of $175 per week until the oldest child reached age 18, or graduated from high school, whichever is later. Then David was to pay $100 per week until the youngest child reached 18 or graduated from high school, whichever is later. David was to maintain his medical insurance on the children and pay one-half of any medical bills not covered by insurance. The court retained jurisdiction to make further orders as to college expenses for the children. David was given liberal specified visitation periods with the children.

The court awarded Christine the parties' Des Moines house, valued at $65,500, subject to a $56,000 mortgage. In addition, the realty was subject to a $3,000 lien in David's favor payable without interest when the house was sold or when Mathew reached age 18 or graduated from high school, whichever was later. The court also divided the household goods, autos, and other miscellaneous assets. Also, the parties were directed to each pay certain specific debts. The property division was approximately equal between the parties although they at times contend otherwise. David was ordered to pay $3,000 toward Christine's attorney fees.

David appealed.

I. *Is the custody issue properly before us?* Christine has moved to strike the custody issue from our consideration in this appeal due to David's failure to properly raise the issue under our appellate rules. We conclude her contention is well taken.

Iowa R.App.P. 6(a) states the appealing party shall specify the part of the decree or judgment appealed from. David's notice of appeal stated he was appealing from all portions of the trial court's decree, *except custody.*

He then filed with this court, pursuant to Iowa R.App.P. 12(b) and 17, a statement that the appeal did not involve a child custody issue. Later, he also filed, pursuant to Iowa R.App.P. 15(b), a statement of the issues he intended to present for review. That statement included only economic issues and not a custody issue.

David's brief, however, for the first time in the appeal process, raised the issue of custody.

Iowa R.App.P. 19 provides that "[a]n appeal may be dismissed, with or without notice of default, for failure to comply with an appellate rule, upon the motion of a party or of the appropriate appellate court."

David resisted Christine's motion to remove the custody issue from the appeal but he has stated no reason or excuse to explain his failure to preserve the issue before filing his brief. Christine has amended her motion to ask that the entire appeal be dismissed due to David's failure to comply with our rules. We ordered that the motion and resistance be submitted with the appeal.

■■■ This is the first occasion we have had to construe the previously mentioned appellate rules in this factual context. We believe an appellee is entitled to know, in a timely fashion, the nature of the issues an appellant intends to raise. The statement under rules 12(b) and 17 as to whether child custody will be raised is designed for exactly the case presented here. The statement determines whether an abbreviated briefing and filing schedule shall be observed by the parties and trial court reporter. That statement will also guide the appellee when considering the record material to be included in the appendix. *See* Iowa R.App. 15(b). The integrity of our rules and the reasons for them should be

upheld whenever practicable. An appellee should not be misled.

■ As before stated, the issue of custody on appeal was first raised in David's brief which was filed the same day as the appendix, which his counsel prepared. The appendix did not contain the testimony of several custody witnesses favorable to Christine. She had no reason to believe custody evidence should be included and was accordingly misled.

By analogy, this court has held we will not consider matters raised for the first time in a reply brief so as to avoid surprise. *Brown v. First National Bank of Mason City*, 193 N.W.2d 547, 551 (Iowa 1972); *Wolfswinkel v. Gesink*, 180 N.W.2d 452, 457 (Iowa 1970).

We conclude that David has failed to make a proper appellate procedural record to raise the custody issue in his brief. Christine's motion is sustained under rule 19 to the extent that it requests the dismissal of the custody issue. We overrule, however, the motion's request for the dismissal of the entire appeal.

We now proceed to consider the issues David has properly raised on appeal.

■ II. *Was the child support excessive?* The court ordered David to pay Christine $175 per week child support for the two children. He says the support should not exceed $250 per month per child.

Iowa Code section 598.21(4) (1983) provides that the court may order either parent or both parents to pay an amount reasonable and necessary for the support of a child. The section then states the factors to be considered by the court in fixing the amount.

David says his monthly living expenses, including ordered child support, total $2,137 and his net income is $1,948. However, included in his expenses is a $475 per month payment on a 1982 Corvette automobile on which a $17,000 encumbrance exists. He purchased this car one month after the parties' separation even though he has access to a company car for his personal use. He testified he could sell his car to assist in meeting his obligations. The evidence showed that Christine requires $1,695 per month for the support of herself and the two children. She earns only approximately $700 per month net income. We conclude the ordered child support was reasonable and necessary as contemplated by section 598.21(4).

III. *Was the property division inequitable?* David contends the court should have given him an $8,000 lien on the house and allowed interest to accrue thereon. He also says he should not have to pay, as ordered by the court, a $1,400 debt to his brother incurred to purchase a Chevrolet Chevette car for Christine.

Iowa Code section 598.21(1) requires the court to equitably divide all property of the parties and lists several criteria for consideration.

The court valued the home at $65,500 based on a realtor's appraisal. David's uncorroborated higher valuation was rejected. The court was aware the $56,000 mortgage left an equity of $9,500. The court further considered that if Christine sold the house a 7 percent realtor's fee must be deducted from the net equity. The court divided the remaining net equity, awarding a $3,000 lien on the realty to David.

■ David also contends the $1,400 debt to his brother should be assumed by Christine because the court awarded the Chevette to Christine along with "any debt thereon." He argues this notwithstanding the fact that the court expressly ordered him to "assume and pay" the debt owed to his brother. We do not believe, as David argues, that the court was confused as to the fact that David borrowed the money from his brother to purchase the car for Christine. Instead, we note David's brother failed to perfect a security interest in the Chevette pursuant to Iowa Code section 321.50. Therefore, we conclude that such debt was not a debt upon the car for purposes of the court's award but rather was deemed a personal obligation of David.

In considering the overall property division and Christine's limited income potential as compared to that of David's, we conclude the property division was equitable although David will receive no interest on his realty lien and must repay the loan to his brother.

IV. *Are attorney fees for Christine proper?*

A. *Trial court.* The court ordered David to pay $3,000 toward Christine's attorney fees. Iowa Code section 598.11 authorizes the court to order an award to enable a party to prosecute or defend a dissolution action. David says he cannot afford the award and that Christine should pay her own counsel fees. We recognize the trial involved a custody contest. We give weight to the trial court finding and conclude the award was justified and should not be disturbed. *See In re Marriage of Beeh*, 214 N.W.2d 170, 176 (Iowa 1974).

B. *On appeal.* Christine also has made application, supported by affidavit, for attorney fees incurred in defending this appeal. We have authority to grant such an application. *In re Marriage of Williams*, 303 N.W.2d 160, 167 (Iowa 1981). Such allowances are generally based on the parties' respective abilities to pay. *Id.*

We conclude and order that in addition to attorney fees allowed by the trial court, David shall pay to the clerk of the trial court, for distribution to Christine, $1,500 to apply toward her attorney fees on appeal. We do not fix the amount of the fee. David is also ordered to pay the taxable costs on appeal.

The trial court decree is affirmed.

AFFIRMED.