**STATE of Iowa, Iowa DEPARTMENT OF HUMAN SERVICES, ex rel. William MOHR, A Minor Child, Petitioner-Appellant,**

v.

**Thomas S. MOHR, Respondent-Appellee.**

No. 84–1657.

Court of Appeals of Iowa.

Aug. 29, 1985.

Thomas J. Miller, Atty. Gen., J. Livingston Dunkle, Asst. Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Christian R. Smith, Asst. County Atty., for petitioner-appellant.

James H. Reynolds, Dubuque, for respondent-appellee.

DONIELSON, Presiding Judge.

Petitioner appeals from the judgment in this support action under Iowa Code chapter 252A (Uniform Support of Dependents Law). Petitioner asserts that the child support award was inadequate. We affirm as modified.

The State of Iowa brought this action pursuant to Iowa Code chapter 252A (Uniform Support of Dependents Law) on behalf of William Mohr, born September 10, 1975, against Thomas S. Mohr, his father. William's parents were divorced in 1975; his mother was awarded custody and his father was ordered to pay child support of $25 per week per child. Thomas' other child is over 18 and does not qualify for child support.

After the divorce, William's mother received ADC benefits from the State in addition to the child support payments made by William's father. The testimony at trial centered on the parties' financial situation. The trial court directed William's father to pay $150 per month in child support. The State has appealed and claims this amount is inadequate given William's financial status.

Our review is de novo in an equity case. Iowa R.App.P. 4. Although we give weight to the trial court's findings especially when considering the credibility of witnesses, we are not bound by them. Iowa R.App.P. 14(f)(7).

## I. Child Support

Petitioner's sole contention is that the trial court's child support award was too low. Respondent claims that the court used an incorrect legal standard in this case and further erred by misconstruing his ability to pay an increased amount of child support. We find no merit in either of respondent's positions.

In cases where an increase in child support payments is sought by the State on behalf of minors, the petitioner is not required to prove a change of circumstances after a previous dissolution award, but must only persuade the court that respondent can afford to pay more than provided for in the original decree. *State, Iowa Department of Social Services v. Blakeman*, 337 N.W.2d 199, 203–204 (Iowa 1983) (The court increased child support from $3900 annually for three children to approximately $5,400 annually.)

Under our de novo review, we turn to the issue of evaluating the support award. At the time of dissolution, Thomas made $12,400 annually and he paid $25 per week for two children which was nearly 20% of his gross income. He now makes approximately $29,000 annually. Respondent lives in a $60,000 home and owns three cars, three snowmobiles, and a boat. Thomas has remarried and, although his

present wife's income cannot be used to support a child from a previous marriage, her salary can be considered. *See Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974) (Court in increasing child support from $25 to $53 per week was entitled to consider that the husband's second wife was employed and contributed to the family income). Thomas' second wife makes $15,000 annually.

■ Respondent seeks to mitigate his support obligation by directing us to his debts and other expenses. While respondent has debts, including a mortgage, his financial obligations are not unusual. Moreover, parents have a duty to support their children at a decent standard of living given their earnings, not to support their children *after* debts are deducted from earnings. *See Moen v. McNamara*, 272 N.W.2d 438, 442 (Iowa 1978). Thomas' financial status is certainly well above Rita's. Rita makes $200 per month as a self-employed hairdresser. She also receives $305 in AFDC and $110 in food stamps each month. She has minimal assets.

The record indicates when Thomas earned $12,400 annually he paid $100 per month in support for each child. The trial court awarded William $150 in monthly support payments; Thomas is no longer obligated to support his other child who is older than eighteen.

■ Thomas' annual income is approximately $20,000 after accounting for taxes and other mandatory deductions. Notwithstanding respondent's financial contentions in his brief, we find it appropriate for Thomas to pay $275 monthly in child support. This modified child support award is reasonable because it is less than 20% of Thomas' net monthly income and will better enable William to enjoy a suitable standard of living. Such payments shall be made in accordance with the trial court's time schedule.

AFFIRMED AS MODIFIED [1].

All Judges concur except SACKETT and HAYDEN, JJ., who specially concur.

SACKETT, Judge (specially concurring).

I agree with the majority that the support be modified to $275 per month.

Where a support action is initiated by the Department of Human Services under Chapter 252A, it is not required to prove the circumstances underlying the prior award, nor any change in circumstances. The uniform act may award more or less support than the dissolution court. *See State, Iowa Dept. of Social Services v. Blakeman*, 337 N.W.2d 199, 203–204 (Iowa 1983).

To determine the amount of support a spouse may be liable for, we look to section 252A.3(2), which provides in relevant part:

..., he or she may be required to pay for the support of such child or children a fair and reasonable sum according to his or her means ...

Iowa Code § 252A.3(2) (1985).

On our de novo review we must determine the amount of the support award to be made.

The majority opinion does not fairly address the facts in the following particulars. Rita receives $200 per month from her beauty business but also has $200 per month in expenses which the majority failed to consider. Rita receives ADC of $305 per month ($192 of this amount is for the minor child) and $110 per month in food stamps. At the time of the dissolution, the family home with an apartment went to her. From the apartment she receives $205 [1] per month rent. The payment and other expenses on the home and apartment are $303 monthly. The house was purchased for $21,500 in 1970 and has a cur-

---

1. We refer appellee's counsel to Iowa Rule of Appellate Procedure 16(a) which provides: "The appendix and brief shall be printed or duplicated on *both* sides of the sheet." This rule shall be followed in all future submissions appellee's counsel makes to this forum.

1. She pays utilities of $200 per month for herself and the apartment.

rent encumbrance of $8,000. The equity in the home is substantial, and there is no basis for the majority's determination that she has minimal assets.

Thomas pays insurance of $22 per week for family coverage for this child and his other 2 children. Two vehicles are eight years old and one is nine years old. Thomas and his wife both work and the family owns no other vehicles. The vehicles are minimum transportation for a family where husband and wife are both employed. The snowmobiles are eleven and thirteen years old. I would give them no consideration in my determination.

Furthermore, the majority cites *Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974), as support for the fact that the salary of Thomas' present wife can be considered in fixing support. *Page* states with reference to income of second wife:

> While she, of course, has no obligation to support defendant's daughter or his former wife, it is proper to *consider defendant's overall financial condition* in fixing the amount he should pay.

*Page*, N.W.2d at 558. (emphasis added)

Thomas' second wife has two children of her own[2] which the majority seeks to ignore. She has obligations to her own two children (ages six and twelve) and seeks outside employment. To say that her salary can be considered and totally ignore her obligation to the two children in the home is without merit.

HAYDEN, J., joins this special concurrence.

---

**2.** Thomas is the natural father of one and the father by adoption of the second.