In re MARRIAGE OF Maureen A. RANNIGER and William W. Ranniger.

Upon the Petition of Maureen A. Ranniger, Petitioner–Appellee,

And Concerning William W. Ranniger, Respondent–Appellant.

No. 87–286.

Court of Appeals of Iowa.

March 23, 1988.

Michael J. Winter, Council Bluffs, for respondent-appellant.

Thomas W. Polking of Wilcox, Polking, Gerken, Schwarzkopf & Hoyt, Jefferson, for petitioner-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

PER CURIAM.

The respondent husband appeals the decree dissolving the parties' marriage. He asserts that the child support, alimony, and attorney fees awards are excessive, and that the trial court should have allowed him to claim at least two of the parties' four children as dependency exemptions for income tax purposes. The petitioner requests attorney fees on appeal. We affirm as modified.

The petitioner, Maureen A. Ranniger, and the respondent, William W. Ranniger (Bill), were married in 1972. They have four children: Ryan, born in 1977; Beth, born in 1980; Michael, born in 1981; and Katherine, born in 1984. During the marriage, Maureen took care of the children and maintained the home. She has held full-time and part-time jobs during the early years of the marriage. Bill practices law and also has a small farming operation.

In its dissolution decree, the trial court set up a joint custody arrangement, with Maureen having physical care of the children. The court directed Bill to pay child support of $200 per child per month and alimony of $200 per month for fifteen years or until Maureen remarries, whichever occurs first. The court also ordered Bill to pay $1,500 toward Maureen's attorney fees. The trial court did not mention the parties' rights to claim the children as dependency exemptions for income tax purposes. Maureen was awarded a car, the personal property in her possession, and the bank accounts in her name, all subject to any debt. The trial court awarded Bill the remainder of the parties' property and directed him to pay the remainder of the parties' debts.

Our scope of review is de novo. Iowa R.App.P. 4. Bill initially contends that the award of child support granted by the trial court is excessive. The factors to consider in setting an amount of child support are listed in section 598.21(4) of the Iowa Code. Bill argues that the trial court's award of $200 per child per month is excessive in light of his income and financial difficulties.

Bill's net income noted on his most recent affidavit of financial status was $770 per month. Evidence was also presented that Bill's personal draw in 1986 from his law practice was approximately $19,000. He is also significantly in debt on a home loan and a loan for a pickup truck.

Maureen's most recent affidavit of financial status shows her gross income to be approximately $560 per month plus food stamps. This court has stated that "[p]arents have a duty to support their children at a decent standard of living given their earnings, not to support their children *after* debts are deducted from earnings." *Iowa Dep't of Human Serv. v. Mohr*, 377 N.W.2d 247, 249 (Iowa App.1985). We believe that the $200 per child per month support obligation is excessive given Bill's income and financial condition. We are not convinced, however, that it should be reduced to the level requested by the respondent ($575 total per month). In light of Bill's current income, Maureen's income, and Bill's earning potential, coupled with the needs of the children, we believe that a child support obligation of $160 per child per month ($640 total per month) is reasonable. In reaching this decision, consideration has been given to the fact that Bill currently owns a relatively large house which, according to the testimony of his banker, could be sold to help reduce Bill's debts. *See In re Marriage of Pittman*, 346 N.W.2d 33, 36 (Iowa 1984) (affirming child support obligation even though father's monthly living expenses exceeded his monthly net income, where father had automobile which could be sold to assist in meeting support payments). In light of Bill's obligation to financially support the children and the financial difficulties he has, we believe it is equitable to allow him to claim all of the children as dependents on his state and federal income tax returns.

Bill also claims that the trial court erred in awarding Maureen alimony of $200 per month for fifteen years or until she remarries, whichever occurs first. The factors governing an award of alimony are set forth in Iowa Code section 598.21(3) (1985). Given Bill's greater educational level, his greater income, the length of the parties' marriage, and Maureen's responsibilities for the children, we believe that the alimony award established by the trial court was reasonable and is therefore affirmed.

Finally, Bill contends that the trial court erred in ordering him to pay $1,500 toward Maureen's attorney fees. An award of attorney fees is generally based on the parties' respective abilities to pay. *In re Marriage of Williams*, 303 N.W.2d 160, 167 (Iowa 1981). The trial court is vested with considerable discretion in allowing attorney fees to be awarded in dissolution cases. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App.1983). The trial court did not abuse its discretion in awarding attorney fees to Maureen. Maureen also requests an award of attorney fees and costs associated with this appeal. Maureen's appellate attorney fees are approximately $1,500. We order Bill to pay $900 toward Maureen's appellate attorney fees, with costs assessed equally between the parties.

AFFIRMED AS MODIFIED.

SCHLEGEL, P.J., and HAYDEN, J., concur.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I respectfully dissent. I would affirm the trial court.