**In re The MARRIAGE OF Marilou MEAD and Lavern D. Mead,**

**Upon the Petition of Marilou Mead, Petitioner–Appellee,**

**And Concerning Lavern D. Mead, Jr., Respondent–Appellant.**

**No. 87–326.**

Court of Appeals of Iowa.

July 27, 1988.

Larry F. Woods, Oelwein, for respondent-appellant.

France L. Gohlke, Waverly, for petitioner-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

LaVern Mead appeals the district court's decision ordering him to pay $50 per week in child support upon the dissolution of his marriage. We affirm.

LaVern and Marilou Mead were married in 1970. Two children, Julie and Alyson, were born of this marriage. At the time of dissolution Julie was ten years old and Alyson was six. The parties were awarded joint custody of the children. Marilou has physical custody of both children.

Appellant contends the district court's child support award of $50 per week is excessive. We review de novo. I.R.App.P. 4. We give weight to the trial court's findings of fact, especially concerning the credibility of witnesses; but we are not bound by them. I.R.App.P. 14(f)(7).

The court considers those factors set out in Iowa Code section 598.21(4)(a)–(i) when determining the amount of child support awarded in each case. The financial status of Marilou is clear. As a dental assistant, she grosses $1,092 each month and nets $873 monthly as of February 4, 1987. She lists her monthly expenses to be $1,250. LaVern states he grosses as a barber $520 to $640 monthly and nets $380 to $480 a month. His monthly expenses are $605. His income tax returns for 1982–1985 (excluding 1984) state that he has grossed $5,000 to $7,000 per year. He states he charges $5 per hair cut and sees about 25–30 customers a week. Marilou states he sees approximately 50 customers a week.

LaVern was awarded the income property formerly owned by both he and Marilou: 1) a commercial property known as the Stephenson Building valued between $26,-000 and $35,000,[1] and (2) a three-unit apartment in which he resides valued at $12,000. He was also awarded the family home which is in foreclosure. LaVern states

that rent forthcoming from both income properties only covers the mortgage and upkeep. Therefore, he has no income from both properties. Additionally, the parties formerly owned a trailer valued at $1,000. However, prior to the dissolution hearing, LaVern sold this to his parents for $500.

It is unclear from the record how a family with a net income of $1,100 to $1,200 was able to afford to purchase so much income property. However, LaVern argues that on his present income he cannot afford to pay $50 weekly in child support.

Both parties' monthly expenses are not excessive. However, neither have enough income to meet their needs. The property awarded to LaVern is properly considered when evaluating the appropriateness of the amount of child support. Iowa Code § 598.21(4)(b). *In re Marriage of Hoag*, 380 N.W.2d 8, 9–10 (Iowa App. 1985). Considering the market value of the income properties which are now his assets, LaVern has the economic capacity to afford child support payments upon applying some resourcefulness and diligence. His primary responsibility is the support of his children. *State ex rel. Mohr v. Mohr*, 377 N.W.2d 247, 249 (Iowa App.1985).

LaVern urges us to adopt those financial guidelines as set forth in Iowa Code section 252C.10. This chapter of the Code relates to the collection of child support from parents of children who receive public assistance. As such, they are not relevant to the case presently before us.

We affirm the district court's award of $50 weekly in child support.

Costs are taxed to appellant.

AFFIRMED.

---

1. LaVern and Marilou both assessed the market value of the Stephenson Building to be $35,000 as reflected in their statement of financial affairs. However, prior to the hearing it was assessed at $26,000, $4,000 less than the total debt owed on the property by Mr. Mead. Such valuation was agreed to by both parties.