**In re MARRIAGE OF Jan LEE and Judith Graham Lee.**

Upon the Petition of

**Jan Lee,**
**Petitioner–Appellant/Cross–Appellee,**

**And Concerning Judith Graham Lee,**
**Respondent–Appellee/Cross–Appellant.**

No. 88–554.

Court of Appeals of Iowa.

April 25, 1989.

Stephen M. Terrill of Terrill & Hege Law Offices, Ames, for petitioner-appellant/cross-appellee.

Lad Grove, Ames, for respondent-appellee/cross-appellant.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Petitioner-appellant/cross-appellee Jan Lee appeals the economic provisions of his dissolution decree. Respondent-appellee/cross-appellant Judith Lee seeks a larger property settlement and asks for appellate attorney fees.

The parties were married February 27, 1982. Both had children from previous marriages. No children were born during their marriage. They separated in February 1986 and the dissolution decree was granted December 17, 1987. At the time the decree was entered Jan was thirty-five years old and Judith was forty-one years old. Jan and Judith purchased a building two years into the marriage. Jan operates a foreign automobile repair business in one-half of the space while the remainder of the building is leased to a fitness center. Jan had worked in a similar business for several years prior to the marriage. Judith worked as a flight attendant before the marriage and two years into the marriage. During this period she attended college on a part-time basis almost completing bachelor and master programs in family counseling. When Judith lost this job she began attending Iowa State University full time. At the time of trial Judith had completed the bachelor and master programs and planned to get her doctorate by December 1989. Judith receives $250 a month child support from a previous husband. Jan works as a teaching assistant earning $6,750 annually. Jan pays $275 a month child support to a previous spouse and has a son who resides with him.

The decree indicates the trial court accepted the parties' stipulated value of $365,190 for the business. The court then awarded Judith a property settlement of $25,000 payable in four equal installments after concluding the equity in the business plus the present value of the rental lease was $50,875. The parties were awarded their own premarital property. Judith was awarded a car and marital property valued at $2,550. Jan was awarded a car, a half-ton pickup, and marital property valued at $740. Judith was ordered to pay $20,224 in debts which reflect primarily educational expenses. Judith was awarded premarital investment and IRA accounts. Jan was awarded $3,800 in time certificates to secure sales tax payments and approximately

$5,500 worth of tools purchased during the marriage. Judith received $750 in attorney fees.

On appeal Jan contends the court erred in considering the value of the lease when making the property settlement. He argues any such value is included in the price stipulated to and accepted by the trial court.

On cross-appeal Judith contends the trial court erred in refusing to consider the value of a real estate tax exemption for the business when making the property award. Jan again contends any such value is inherently a part of the stipulated value given the business. Judith also seeks appellate attorney fees.

 Our review of dissolution cases is de novo. Iowa R.App.P. 4. We give weight to the trial court's findings of fact, especially when viewing the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7). In considering the division of property we look to factors set forth in Iowa Code section 598.21 (1987) to reach a justified property division that is equitable under the circumstances of the case. *In re Marriage of Hoak*, 364 N.W.2d 185, 194 (Iowa 1985).

The record reveals the following stipulation was made at trial:

Mr. Grove: Mr. Terrill, may we stipulate that the value of the real estate owned by the parties, which is described as Lots 4, 5, and 6, of Caylors Second Addition to Ames, Iowa, is valued at $365,190.00?

Mr. Terrill: We will so stipulate.

The figure is the most recent value given the property by the tax appraiser. The total 1984 contract price was $358,138. Jan's financial statement shows an encumbrance of $325,765 on this property, including mortgages to the seller, down payment money obtained from his parents, and real estate taxes owed. We find $10,000 of this amount reflects money borrowed at the same time to buy a car. Neither party presented expert testimony indicating the property would be valued differently given the lease and the tax exemption. Certainly income-producing assets, such as leases and property tax exemptions, are facts taken into consideration when determining the fair market value of real estate and buildings.

 We conclude the trial court was correct in not considering Judith's testimony about the value of the exemption and should not have included a present value of the lease when making the property settlement. The parties stipulated to a value for the land and business. They failed to present any expert testimony as to whether such factors were considered in reaching the amount and if not, how the value would be changed. We find no other reliable evidence indicating the stipulated-to-value for the business is inaccurate.

We conclude the marital business equity to be the stipulated value less the encumbrance or $39,425. We modify the property award to Judith from $25,000 to $20,000 to be paid in four installments of $5,000 payable on the same terms as listed in the trial court decree beginning three months from the filing date of this opinion. Jan shall be responsible for all debts due to the purchase of this property and the benefit from any leases, including all real estate taxes.

We affirm the trial court's award of trial attorney fees and decline to award any appellate attorney fees. *See In re Marriage of Ranniger*, 423 N.W.2d 558, 560 (Iowa App.1988). The parties shall each pay one-half of the costs of the appeal.

AFFIRMED AS MODIFIED.