In re the **MARRIAGE OF** Suzanne
**PERTZSCH** and Merlin
Kenneth Pertzsch.

**Upon the Petition of Suzanne
Pertzsch, Appellee,**

**And Concerning Merlin Kenneth
Pertzsch, Appellant.**

No. 88–1582.

Court of Appeals of Iowa.

Nov. 27, 1989.

James E. Bobenhouse, Cedar Rapids, for appellant.

Karen A. Volz of Ackley, Kopecky & Kingery, Cedar Rapids, for appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant appeals and appellee cross-appeals the decree of the district court dissolving the parties' marriage. We affirm as modified.

Petitioner Suzanne Pertzsch and respondent Merlin K. Pertzsch were married in 1975. Suzanne is thirty-five years old and Merlin is thirty-four years old. Both hold stable jobs at Rockwell International. Suzanne has been employed there for the past sixteen years. She earns $10.54 per hour for a net weekly wage of approximately $316.44. Merlin earns $12.66 per hour for a net weekly wage of $383.00.

Two children were born of this marriage; Merlin has adopted Suzanne's two children from a previous marriage. During the marriage, the parties acquired a home, several vehicles, IRA funds, pension plans and various other items of personal property.

Trial was held in August 1988. The April 1988 order setting the August trial date listed the following issues to be litigated: (1) child support, (2) tax exemptions, (3) debts, and (4) lump sum equalization of assets. However, the parties agreed during the course of the trial that the trial court was to distribute certain items of personal property that they were unable to agree on how to divide.

The trial court awarded Suzanne the marital home, placing the value of the home at $51,000 with an encumbrance against it of $25,706.06. For child support, the trial court ordered Merlin to pay $125 per week for four children, $100 per week for three children, and $80 per week for one or two children. The court additionally tied an increase or decrease in child support payments to the same percentage as the percentage change in the National Consumer Price Index. Merlin was also ordered to pay one-half of all medical, hospitalization, dental or eye care not covered by Suzanne's insurance.

Suzanne, in addition to being awarded the family home, was awarded most of the household goods and financial accounts, totaling approximately $47,365. Merlin received total household goods and financial accounts totaling approximately $16,633. Merlin was awarded a judgment against Suzanne in the amount of $15,241.38 with interest at an annual rate of 8½ percent in order to remedy the imbalance of the property division. The first installment on this judgment was due in September 1989, and the balance is payable over a period of six years in increments of approximately $2500. Merlin subsequently filed a Rule 179(b) Motion for Modification and Substitution of Judgment, which was denied by the trial court.

On appeal, Merlin argues that the cost of living adjustment provisions and the children's medical expense provision were not properly before the court since the pretrial order did not list those items as issues. Merlin also argues that the property settlement is inequitable, especially since the judgment payments were not to begin until September 1989 and were payable over six years at 8½ percent interest, rather than the statutory 10 percent. Merlin additionally argues that the child support award is inequitable because he was ordered to pay the same amount whether one child or two remained in the home. Merlin lastly requests that the family photographs be equitably divided.

Suzanne, on cross-appeal, contends that the trial court erred in awarding Merlin four dependency exemptions, in not taking into consideration the sale costs of the family home in determining the equity, and in ordering her to make annual payments on Merlin's judgment. Suzanne additionally requests attorney fees on appeal.

We review de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court, especially where the credibility of witnesses is concerned, but we are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

It is well established that parents have a legal obligation to support their children. *In re Marriage of Fleener*, 247 N.W.2d 219, 221 (Iowa 1976). The obligation to support should be apportioned according to the ability of each parent to contribute. *In re Marriage of Bornstein*, 359 N.W.2d 500, 504 (Iowa App.1984). The factors to consider are: the financial resources of the child; the financial resources of both parents; the standard of living the child would have enjoyed had there not been a dissolution; the cost of day care; the physical and emotional health needs of the child; and the child's educational needs. Iowa Code § 598.21(4).

 The child support provisions here are quite equitable. As such, we decline to reduce Merlin's support obligation. As for the cost-of-living adjustment and the children's medical expense provision, we determine them to be part and parcel of the child support issue. Therefore, both were properly before the trial court.

## II.

The partners in the marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). We find the value placed on the assets by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973); *In re*

*Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984).

 Merlin challenges the district court's authority to award him interest on his property distribution judgment at a rate below that set in Iowa Code section 535.3. He further asserts that interest on the judgment should accrue from the date of the commencement of the action. First, the Iowa Supreme Court has held that prejudgment interest on property distribution awards is not permitted under Iowa Code section 535.3. *In re Marriage of Baculis*, 430 N.W.2d 399, 404 (Iowa 1988). Second, Iowa Code section 598.21(1) mandates that the district court shall equitably divide all property between the parties. Pursuant to that objective, we have permitted awards which do not bear interest. *See In re Marriage of Richards*, 439 N.W.2d 876, 883 (Iowa App.1989); *see also In re Marriage of Pittman*, 346 N.W.2d 33, 37 (Iowa 1984). Similarly, we believe that courts may award interest on property distribution awards less than that called for in Iowa Code section 535.3 if equity so dictates. Upon our review of the entire property division, we find that the interest rate awarded by the district court is equitable.

 Merlin also requests that this court order a division of the family photographs. If the parties cannot work this issue out for themselves, then we order all family photographs to be placed in a container and thereafter each party, alternating, is to draw a picture therefrom until none remain. We modify the decree accordingly.

In addition, we make one other minor modification. Suzanne will be permitted to take the two oldest boys for dependency exemptions, and Merlin shall take as dependency exemptions the two youngest children. Each party shall execute and deliver whatever documents are necessary in order for the other to claim their dependency exemptions.

 Suzanne seeks appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408

N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981). Seeing that both parties are on equal economic footing, we decline to award Suzanne attorney fees on appeal. Costs on appeal are to be divided equally between the petitioner and respondent.

AFFIRMED AS MODIFIED.