**Linda S. HUNT, Appellant,**

v.

**John E. KINNEY, Appellee.**

No. 90–839.

Supreme Court of Iowa.

Dec. 24, 1991.

James W. Affeldt of Elderkin & Pirnie, Cedar Rapids, for appellant.

R.M. Fassler, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Linda S. (Kinney) Hunt and John E. Kinney were divorced in 1975. Linda was awarded title to the family home, occupied by Linda and the children, subject to a $4000 obligation to John, which was payable on the occurrence of any one of certain specified events. In June 1989, the youngest child left the home, and under the decree (as modified in the meantime), the $4000 became due. Linda filed a declaratory judgment action to settle a dispute as to whether the $4000 accrued interest from the date of the original decree in 1975 or from June 1989 when the $4000 became due.

The district court ruled that interest accrued from the date of the original decree, and the court of appeals affirmed. On Linda's petition for further review, we va-

cate the court of appeals decision, reverse the district court, and remand.

Under the modified decree, the $4000 was to be paid when (1) Linda sold the residence, (2) John's child support obligation terminated, or (3) none of the children remained in the care of Linda. It is undisputed that the youngest child graduated from high school in June 1989, and that the $4000 became due at that time.

In 1975, when the original dissolution decree was entered, Iowa Code section 535.3 provided:

> Interest shall be allowed on all money due on judgments and decrees of courts at the rate of seven cents on the hundred by the year, unless a different rate is fixed by the contract on which the judgment or decree is rendered....

Linda's argument that interest accrued from June 1989 and not from the original decree is twofold: First, John's lien was not a "judgment" under section 535.3. She cites several examples of liens, such as mechanics' liens, that are not judgments. Second, under section 535.3, interest begins to accrue when money is due, and the $4000 was not due until the youngest child graduated.

■ John relies on *Arnold v. Arnold*, 258 Iowa 850, 140 N.W.2d 874 (1966), in which we said:

> [A]ny lawful monetary award made in the final determination of a divorce action has the essential qualities of a judgment and may be enforced by execution.
> We are satisfied fixed awards of money for child support, alimony, and property settlement draw interest at five percent per annum from date of judgment, or in case of specified periodic payments from the date each such payment becomes due and owing.

*Id.* at 854–55, 140 N.W.2d at 877 (citations omitted). *Accord* 45 Am.Jur.2d *Interest and Usury* § 60, at 57–58 (1969). Interest accrues on a judgment even if the judgment itself does not mention interest. *Arnold*, 258 Iowa at 855, 140 N.W.2d at 877.

■ There is no right to interest on judgments apart from statute. *Id.* at 854, 140 N.W.2d at 877; 45 Am.Jur.2d § 58, at 56.

The allowance is not for interest in its strict sense but is actually a measure of damages fixed by the legislature, and a claimant has no right to interest unless he has been deprived of the use of the money. 45 Am.Jur.2d § 58, at 57. Iowa Code section 535.3 incorporates these principles; it allows interest only on amounts *due*, and only on "judgments."

■ A court is required to consider "the desirability of awarding the family home ... to the party having custody of the children," Iowa Code § 598.21(1)(g). The court did that here. The court is also advised that the ultimate goal of the property division is to divide "all property ... equitably between the parties...." Iowa Code § 598.21(1).

In decrees awarding a family home to the custodial parent, an offsetting cash award to the noncustodial parent is quite common. In many cases, it would be equitable to award cash to offset an award to one party of income-producing property. A family home, of course, is not income-producing, and a custodial parent presumably occupies the home for the benefit of both parties by caring for the children of their marriage. In *In re Marriage of Pittman*, 346 N.W.2d 33 (Iowa 1984), similar facts were involved. In that case, the mother was granted title to the parties' home and custody of the children. The home was made subject "to a $3,000 lien in [the husband's] favor payable without interest when the house was sold or when [the youngest child] reached age 18 or graduated from high school...." *Id.* The father claimed it was inequitable to provide that no interest would be paid on the $3000; however, we rejected that argument:

> In considering the overall property division and [the custodial parent's] limited income potential as compared to that of [her former husband], we conclude the property division was equitable although [the father] will receive no interest on his realty lien....

*Id.* at 37.

In the present case, the decree was silent as to any interest payable on the $4000

award to John, and we cannot assume that the court impliedly granted interest as an offsetting award to John. The question remains whether section 535.3 requires the payment of interest, even though the decree was silent. While we said in *Arnold* that all monetary awards in a decree had the essential qualities of a judgment, 258 Iowa at 854–55, 140 N.W.2d at 877, we did not purport to decide the question of whether amounts allowed in the decree but payable at a later time drew interest from the date of the decree. We believe that the plain wording of section 535.3 is that interest would not be payable from the date of the decree but only from the date that the judgment became due. That date was June 1, 1989, under the terms of the modified decree.

We therefore vacate the court of appeals decision and reverse the district court, remanding for the entry of a corrected order establishing the amount of interest in accordance with this opinion.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; REMANDED WITH INSTRUCTIONS.