# IN THE COURT OF APPEALS OF IOWA

No. 24-0188
Filed January 23, 2025

**JOAN M. OTT, n/k/a JOAN M. MEISTER,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY,**
    Defendant.
_____

Certiorari to the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

A former spouse challenges a district court ruling that commenced interest on a judgment lien from the date of the contempt hearing. **WRIT ANNULLED.**

D. Raymond Walton of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for plaintiff.

Timothy C. Ott, Laporte City, self-represented defendant.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

Joan Meister applied to have her ex-husband, Timothy Ott, held in contempt after he failed to pay her a property settlement that she was awarded in their dissolution decree. The district court found Timothy was in contempt and ordered him to pay the property settlement, plus interest from the date of the contempt hearing. Joan appeals the court's order, challenging the commencement date for the interest on the property settlement. Having considered the appeal as a petition for writ of certiorari, we grant the petition but find error was not preserved on Joan's claim and annul the writ.

## I.    Background Facts and Proceedings

Timothy and Joan were divorced in July 2000 after more than twenty years of marriage. As part of their stipulated dissolution decree, Timothy was awarded the marital home, subject in part to the following:

> [Joan] shall be awarded $62,500 as a partial property settlement in this matter. This award shall be a judgment lien against the above-described property. Unless prior written consent is obtained from [Joan] prior to any of the following, this judgment lien shall become payable . . . if the property is sold, refinanced, or in any further manner incumbered . . . .

In 2023, Joan learned that Timothy had refinanced the property several times since the decree was entered but never paid her. In a letter from her attorney, Joan demanded that Timothy pay the $62,500 partial property settlement, plus $53,919.09 in accrued interest from the date of the dissolution decree, for a total of $116,419.09. When Timothy failed to respond, Joan sought to have him held in contempt of court.

At the hearing on the contempt application, Timothy's attorney informed the court that Timothy did not deny violating the decree: "We stipulate that he refinanced and did not pay." But Timothy argued against Joan's demand for immediate payment with interest from the date of the decree, advocating instead for a payment plan with no interest. In response, Joan's attorney told the court:

> I do have someone here from Veridian Credit Union that was going to testify about these documents. There is one document that I would like to make sure the Court sees. And that's from the refinance in 2004 where at that time John Deere Community Credit Union did a lien search, and this claim came up, and there was a notation on here, "Member"—i.e., Mr. Ott—"aware of divorce decree requirement." That was in 2004. And I can—
> [Timothy's Attorney]: Your Honor, we would stipulate that that's what the document says. We disagree that this witness will be able to testify to the veracity of that since he was not the loan officer, did not write it, and had nothing to do with it at the time. All of that being said, since we've stipulated that he refinanced and did not pay, we do not believe that we need to get into all of those documents, nor that it's relevant to what we're doing at this point.
> THE COURT: Yeah. . . . I'm not entertaining any thoughts that he didn't understand it.
> [Joan's Attorney]: And then deliberately didn't pay my client back in 2004.
> THE COURT: I'm already there.

After some discussion about the punishment that should be imposed, Timothy's attorney provided more details about the refinancing: "There was no additional money taken out other than what was originally owed at the time minus payments that he had made from the time of the divorce to 2004 at the time of the original refinance." The attorney continued, "So from the 2004 refinance, it might have been a balloon, and that was resolved by refinance in 2011. And then in 2018 there was an additional refinance." Joan's attorney confirmed those statements, telling the court, "That's all records, Your Honor, that we've offered as

evidence." But none of those records were offered or admitted as exhibits, and neither party presented any testimony for the court's consideration.

At the end of the hearing, the court ruled from the bench, finding that Timothy was

> in contempt of the order and that he shall pay the $62,500 within 180 days. I do not see . . . that anywhere in this decree it indicates that there's interest. And there's no discussion about when interest would have started or anything of that nature because there was no guarantee that this settlement would be paid at any particular time because it was conditioned precedent on something happening, either being sold, refinanced, or something else.

Joan's attorney asked the court to review an unpublished opinion from this court—*In re Marriage of Arns*, No. 03-0724, 2004 WL 573801 (Iowa Ct. App. Mar. 24, 2004)—that he argued "specifically says [interest] doesn't have to be mentioned in the decree. That by law there has to be interest on a judgment, and this is considered a judgment. So I would ask the Court to at least read the *Arns* case before ruling." The court agreed to do so.

In its written ruling after the hearing, the court confirmed its earlier contempt finding and ordered Timothy to pay $62,500 to Joan within 180 days from its order, with interest from the date of the contempt hearing. Joan filed a motion under Iowa Rule of Civil Procedure 1.904(2), asking the court to admit her proposed exhibits "to establish that [Timothy] did in fact refinance or further encumbered the property so as to require him to as of August 31, 2004, to pay the property settlement judgment owed" to her and assess interest from that date. The court denied the motion, ruling:

> At the hearing on November 9, 2023, [Timothy] stipulated to the fact he refinanced the home and did not pay [Joan] as Ordered in the Decree. [Joan] did not admit any exhibits at the hearing,

though some were discussed.  As the Court specifically stated in the Order of December 4, 2023, "[t]he information provided to the Court at hearing was that Mr. Ott did sign his loan over to a different bank but then a number of years later did, in fact, refinance the loan."

Joan filed an appeal, claiming the court "erred by not awarding [her] interest on the judgment from the date of [Timothy's] refinancing of the marital home in 2004."[1]

## II.     Standard of Review

"No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari."  Iowa Code § 665.11 (2023); *see also Rausch v. Rausch*, 314 N.W.2d 172, 173 (Iowa Ct. App. 1981).  When a party files a notice of appeal instead of a petition for writ of certiorari, "the case shall not be dismissed, but shall proceed as though the proper form of review had been requested."  Iowa R. App. P. 6.151.  Thus, to the extent Joan challenges the punishment imposed for Timothy's contempt, "we treat it as a petition for certiorari, and our review is for correction of errors at law."  *In re Marriage of Bayers*, No. 13-1136, 2014 WL 4635460, at *3 (Iowa Ct. App. Sept. 17, 2014); *see also Rausch*, 314 N.W.2d at 174.

## III.    Analysis

Relying on our decision in *Arns*, Joan argues that under "the clear terms of the parties' Stipulation, the entire $62,500 property settlement awarded to [her] became due on the date that [Timothy] first refinanced the marital home,

---

[1] Because Timothy failed to file a brief, we "confine our consideration to issues raised in the appellant's brief." *Bosch v. Garcia*, 286 N.W.2d 26, 27 (Iowa 1979) (citation omitted); *accord White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011).

i.e. August 31, 2004," and so "the district court should have awarded interest from [that date]." *See* 2004 WL 573801, at *5 ("Fixed awards of money for property settlement draw interest at the statutory rate even though the judgment makes no reference to the matter of interest."); *see also* Iowa Code § 535.3(1)(a) ("Interest shall be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13."). We reject this argument for two reasons.

First, as Joan recognizes, the exhibits that established when Timothy first refinanced the marital home were not admitted into evidence at the hearing. As a result, they are not part of the record before us. *See* Iowa R. App. P. 6.801(1)(a) ("Only the following constitute the record on appeal . . . [o]riginal documents and exhibits filed in the district court case from which the appeal is taken."); *Lynch v. Moreno*, No. 21-0815, 2022 WL 1486185, at *4 n.6 (Iowa Ct. App. May 11, 2022) ("[T]he record that makes its way to us does *not* include proposed exhibits that are never marked as admitted by the district court in the judicial interface."). While Timothy "stipulate[d] that he refinanced and did not pay," he did not stipulate to the precise date of the first refinancing, though it was discussed at the hearing. The district court denied Joan's motion to amend or enlarge on that ground. *See Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007) (placing burden of proof on the party alleging contempt).

Second, in the letter attached to Joan's contempt application, she demanded interest from the date of the dissolution decree. Joan maintained that position at the contempt hearing, with counsel arguing "interest is due when the decree is filed." *But see Hunt v. Kinney*, 478 N.W.2d 624, 625 (Iowa 1991) ("[T]he plain wording of section 535.3 is that interest would not be payable from the date

of the decree but only from the date that the judgment became due.").  The first time that Joan sought interest from the date of the first refinancing was in her post-hearing motion.  Although this position was a retreat from Joan's original demand, it also injected a new legal theory into the contempt proceedings that was not directly addressed at the hearing—leaving us an incomplete record.  "It is well-settled that a party fails to preserve error on new arguments or theories raised for the first time in a posttrial motion."  *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013); *accord In re Marriage of Moss*, No. 21-0307, 2022 WL 1232619, at *2 (Iowa Ct. App. Apr. 27, 2022).

Because Joan failed to preserve error on the claim that is before us,[2] we annul the writ of certiorari.

**WRIT ANNULLED.**

Ahlers, J., concurs; Greer, P.J., dissents.

---

[2] Our conclusion does not prohibit Joan from using other means to collect the judgment and interest she claims is due on the property settlement she was awarded in the parties' dissolution decree.

**GREER, Presiding Judge** (dissenting).

Contrary to the majority decision, I would sustain the writ of certiorari and conclude that interest should run from the end of 2004 instead of the date the application for rule to show cause was filed given Timothy Ott's stipulation concerning the date of his first refinancing. I think that this path avoids the possibility that there may be additional litigation that conflicts with this contempt ruling. To me this is a simple case with a simple remedy that district court judges have available to them to solve the problems efficiently and without protracted litigation.

Here is why I came to this conclusion. No one contests that Timothy is in violation of the decree. At the hearing on the application, while no party presented testimony or offered exhibits to supplement a record to review, Timothy admitted as much and he "stipulated that he refinanced and did not pay."[3] *See Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007) (setting out the burden of proof required to prove a willful violation of the court order occurred).

Joan chose to utilize the contempt proceedings as the vehicle to get Timothy's compliance. I disagree with the majority that she failed to preserve error on her interest argument; she should get another crack at the resolution she sought—payment of the judgment with interest. The parties wrangled over the issue of the interest due during the proceeding. And, on that note, Timothy stipulated to a refinancing as early as 2004 after Joan alerted the district court that

---

[3] While Timothy and his counsel offered reasons for the failure to pay the judgment lien at the time of the refinancing, the district court did not find the reasons excused his compliance and, on this limited record, I agree with the district court.

someone from the credit union was available to testify about documents. Describing one document, Joan said, "[T]hat's from the refinance in 2004 where at that time [the credit union] did a lien search, and this claim came up, and there was a notation on here, 'Member'—i.e., Mr. Ott—'aware of divorce decree requirement.' That was in 2004." Timothy responded:

> Your Honor, we would stipulate that that's what the document says. . . . All of that being said, since we've stipulated that he refinanced and did not pay, we do not believe that we need to get into all of those documents, nor that it's relevant to what we're doing at this point.

What followed was a long discussion between the parties and the court over all of the issues with the several refinancings (one side said four, the other side said three) that Timothy sought over the life of his loan. And as the majority notes, nothing was provided by sworn testimony and no exhibits were entered into evidence and, thus, I would concede that this record does not allow us to pinpoint an exact refinancing date. But certainly Timothy's admission about refinancing in 2004 should end the discussion.

In my view, Joan established violation of the court order. The decree of dissolution ordered "that [Joan] *shall have a judgment lien* in the amount of $62,500.00 against [Timothy] and against the parties residence." (Emphasis added.) Approved by the decree, the stipulation further provided:

> Unless prior written consent is obtained from [Joan] prior to any of the following, *this judgment lien shall become payable* when [Timothy] leases said premises, permanently moves from said premises, *if the property is* sold, *refinanced*, or in any other manner further incumbered, if [Timothy] falls more than 60 days behind in his payments on the obligations on the residence, or if any other mortgage or lien holder against the property shall seek to foreclose on said property.

(Emphasis added.)  The terms of the stipulation and the decree were clear, and no one contested the language at the rule to show cause hearing.  So, the district court correctly found that Timothy was in contempt of the court order and that "[t]he information provided to the Court at hearing was that [Timothy] did sign his loan over to a different bank but then a number of years later did, in fact, refinance the loan."  In the ruling on the motion to reconsider filed by Joan, the district court explained the basis for its interest award, noting that, at the hearing:

> [Timothy] stipulated to the fact he refinanced the home and did not pay [Joan] as Ordered in the Decree.  [Joan] did not admit any exhibits at the hearing, though some were discussed.  As the Court specifically stated in the Order of December 4, 2023 "[t]he information provided to the Court at hearing was that [Timothy] did sign his loan over to a different bank but then a number of years later did, in fact, refinance the loan."
> *The Court found [Timothy] in contempt based on his stipulation.*

(Emphasis added.)

As I understand the record, one of things to which Timothy stipulated at the rule to show cause hearing was that he refinanced in 2004; I think the agreement that there was a refinancing in 2004 should have been credited by the district court and this court.  Unlike the majority, I would find that Joan preserved error on the issue over the award of interest and conclude that the district court should have included the award of interest on the judgment from the end of 2004 based on the stipulation of the parties that Timothy refinanced in 2004.  *See In re Marriage of Arns*, No. 03-0724, 2004 WL 573801, at *5 (Iowa Ct. App. Mar. 24, 2004) ("Fixed awards of money for property settlement draw interest at the statutory rate even though the judgment makes no reference to the matter of interest."); *see also* Iowa Code § 535.3 (2023).