**Phyllis B. PAGE, Appellee,**

v.

**Earl PAGE, Appellant.**

**No. 56212.**

Supreme Court of Iowa.

June 26, 1974.

Peart, Wells & McNally, Davenport, for appellant.

Shaff, Farwell & Senneff, Clinton, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

In an action brought and tried under our old divorce statute prior to the effective date of present Chapter 598, The Code, regulating the dissolution of marriages, plaintiff obtained a divorce from defendant on January 27, 1971. The decree included provisions for custody, child support, alimony, and a division of property.

On September 12, 1972, the decree was modified upon plaintiff's application to increase child support for one child, Paula, from $25.00 per week to $53.00 per week and to increase alimony for plaintiff from $25.00 per week to $40.00 per week. Defendant appeals from this modification order, alleging plaintiff had failed to show any change of circumstances justifying modification of the terms of the original decree.

The trial court found that since the date of the decree of divorce plaintiff's income had decreased due in part to her failing health and in part to the fact that she had removed to the State of Illinois in order to obtain the benefit of decreased tuition for her college-age daughter. Trial court also found that defendant's income had increased. As further justification for the modification, the trial court found plaintiff's health had deteriorated, affecting her ability to support herself.

The record shows defendant has remarried, and that his wife has a substantial income, a circumstance the trial court considered in reaching its conclusion.

■ There is no need to review again the principles which govern the conditions under which a modification may be made. They are well established and are not in dispute here. Suffice it to say that there must be a substantial change in circumstances from the time the original decree was entered. In re Marriage of Glass, 213 N.W.2d 668, 671 (Iowa 1973). Furthermore, the circumstances which have changed must be those which were not then within the contemplation of the trial court. Mears v. Mears, 213 N.W.2d 511, 515 (Iowa 1973) and citations.

■ One other guiding principle is important here because of the closeness of the factual question presented. It is the rule that we give consideration to the findings of the trial court, although, of course, we are not bound by them in this de novo review. Rule 344(f)(7), Rules of Civil Procedure.

The only witnesses were the two principals. Their testimony discloses that seven-and-a-half years earlier (approximately six years before the divorce) plaintiff had suffered a stroke which left her physically impaired. We believe plaintiff's testimony claims her condition made it increasingly hard for her to keep a job, at least one requiring any physical strength or dexterity. She testified she had to give up the job she held at the time of the divorce because she was no longer able to do the lifting and other duties required. Her income from this position was $79.50 per week net. The most lucrative job she then could obtain paid her $64.00 per week net. Although the evidence is rather unsatisfactory, she also testified that she had increased medical expense after the divorce and that such expense would continue for at least a year in the future, perhaps longer.

Furthermore, she testified to the increased cost of supporting Paula while she attended the University of Illinois. Later, during defendant's testimony, he admitted that the payments on Paula's behalf were insufficient for her education and agreed to bear the burden of the additional cost. This admission, undoubtedly, was a factor in the trial court's determination to increase the support payments for Paula. See Dworak v. Dworak, 195 N.W.2d 740, 743 (Iowa 1972).

Defendant is a teacher in the Bettendorf school system. Although his increased earnings are not very substantial, he had some additional income between 1970 (the

year considered at the time of the divorce) and 1972 (the year considered for modification purposes). His 1970 income was $13,123.00; in 1971 (including outside work) it was $16,121.00; and in 1972 it was $14,360.00.

We are faced, then, with plaintiff's physical condition, which, although materially unchanged since the date of the divorce, has occasioned additional medical expense and has made it increasingly difficult to get and keep employment; her decreased earnings; the additional cost of educating Paula; and defendant's increased earnings.

■ In addition to these circumstances we may also take into account the inroads which inflation has made upon the purchasing power of the dollar. Mears v. Mears, supra, 213 N.W.2d at 519; Dworak v. Dworak, supra, 195 N.W.2d at 742.

It might be argued defendant's earnings are now substantially the same as when the original decree was entered. However, in Sandler v. Sandler, 165 N.W.2d 799, 801 (Iowa 1969) a lesser increase was one of the circumstances we held justified a modification. Regardless of that, it must be conceded plaintiff's earnings have substantially decreased. Since the divorce, she has suffered a 20% loss of income at a time when the cost of living has skyrocketed. Of course, cost of living affects defendant as well, but, when all factors are considered, not with the same devastating impact.

As already mentioned, defendant acknowledged an obligation to increase payments for Paula's education. Incidentally she has now reached 21, at which age payments for her support were to terminate by the terms of both the divorce decree and the modification order.

■ The trial court also considered the fact defendant's present wife is gainfully employed and contributes substantially to the family coffers. While she, of course, has no obligation to support defendant's daughter or his former wife, it is proper to consider defendant's overall financial condition in fixing the amount he should pay.

In Holesinger v. Holesinger, 252 Iowa 374, 379, 107 N.W.2d 247, 251 (1961) we said:

"True, a new marriage by either party is not unusual, and that fact alone is not grounds for modification * * * It is also true that part-time employment by a divorced woman with a child of twelve may be anticipated, and the obtaining of such work alone would not be grounds for granting a modification. All these factors must be considered with their attending circumstances, i. e., how do they affect the needs and obligations of the parties?"

■ In that case the argument was used to secure a reduction in support payments. The same rationale should apply when an increase is sought.

While not directly in point, some statements in Dworak v. Dworak, supra, 195 N.W.2d at 742 suggest we there considered a wife's financial contributions in fixing the obligation to pay increased child support. See also Lyons v. Lyons, 240 Iowa 698, 700, 37 N.W.2d 309, 310 (1949); Handsaker v. Handsaker, 223 Iowa 462, 470, 272 N.W. 609, 612 (1937).

■ We are not disposed to disturb the trial court's findings. The increased payments were to begin September 22, 1972. Since then, Paula's support has terminated, although the record does not disclose the exact date. For this reason we remand the case to the trial court for entry of appropriate supplemental judgment settling the date upon which support payments for Paula terminated and fixing the amount now due for her support to that time and establishing also the amount presently due plaintiff for alimony. If the parties cannot agree as to these matters, the trial

court is directed to decide them after taking additional evidence for that purpose.

Affirmed and remanded for entry of judgment.