**In re the MARRIAGE OF Thomas C. MUELLER and Sharon A. Mueller.**

**Upon the Petition of Thomas C. Mueller, Petitioner-Appellee,**

**And Concerning Sharon A. Mueller, Respondent-Appellant.**

No. 86–302.

Court of Appeals of Iowa.

Nov. 26, 1986.

William D. Werger, of Hayek, Hayek, Hayek and Holland, Iowa City, for petitioner-appellee.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Petitioner Thomas C. Mueller and Sharon A. Mueller were married in 1969. Their marriage was dissolved in 1980. In the decree Sharon was granted custody of the parties' three children, Donald, born in 1971, Michelle, born in 1974, and Cari, born in 1975. Thomas was ordered to pay child support of $500 per month, maintain Blue Cross/Blue Shield insurance on the children and pay one-half of the children's medical expenses not covered by insurance. The $500 award was not apportioned among the children. The record reflects that at all times Thomas has been current with his support obligations.

In August, 1985, Thomas filed an application to modify custody asking that sole custody or physical care of Donald be awarded to him. Sharon crossclaimed asking for an increase in child support. The parties agreed custody of Donald should be transferred to Thomas and the trial court ordered custody changed.

Thomas did not ask for nor was Sharon ordered to pay child support for Donald. Thomas also did not ask that the support paid to Sharon be decreased from the $500 per month figure. The issue on an increase in child support to be paid to Sharon was submitted to the trial court. The trial court determined the modification of child support requested by Sharon should be denied.

Sharon appeals contending she should have additional support because (1) Thomas has the opportunity to manipulate his income and assets; (2) Thomas' income has increased since the dissolution; (3) Thomas' financial situation has improved when considered with the earnings of his present wife; and (4) Donald will enjoy a better quality of life than his sisters.

Thomas E. McDonald, Iowa City, for respondent-appellant.

Thomas and certain of his family members, including his current wife, are involved in a pizza business. Donald was involved in the business when the parties' marriage was dissolved. At the time of dissolution he earned about $20,000; today he earns $28,000. His net worth has increased from $56,000 to $68,000. At the time of the dissolution Sharon was not employed outside the home, but the stipulation between the parties contemplated she would be employed. She now earns $13,-000 annually.

■ The power of the courts to modify child support exists only where there has been material and substantial change in circumstances since the date of the original decree or of any subsequent intervening proceedings which considered the situation and rights of the parties upon application for the same relief. *Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972); *Sandler v. Sandler*, 165 N.W.2d 799, 800 (Iowa 1969); *McDonald v. McDonald*, 183 N.W.2d 186, 188 (Iowa 1971). An award entered in a final decree is not to be regarded as a variable sum to be adjusted either upward or downward with each fluctuating change in the respective conditions of the parties. *Mears v. Mears*, 213 N.W.2d 511 at 514 (Iowa 1973). The burden rests on Sharon to establish a substantial change in circumstances by the *preponderance of the evidence*. *Mears*, 213 N.W.2d at 515; *Dworak*, 195 N.W.2d at 742.

## I.  DISCLOSURE OF ASSETS AND INCOME

■ We look first at Sharon's contention that Thomas had the opportunity to manipulate his assets and income. Parties to a modification, as well as a dissolution have the obligation to make a full and fair disclosure of their income, assets and liabilities. Thomas made an adequate disclosure.

## II.  IMPROVEMENT OF FINANCIAL SITUATION

We find, as did the trial court, that Thomas' income has increased. However, the trial court found in balancing his increased income with the fact he now provides Donald's sole support, there was no substantial increase in his financial situation and overall ability to pay additional child support.

We also consider the fact Thomas now has Donald in his home and is supporting Donald without contribution from Sharon. *See In re Marriage of Phipps*, 379 N.W.2d 26, 29 (Iowa App.1985). Sharon is no longer required to provide for Donald's support. We agree with the trial court's assessment that Sharon has failed to show a substantial change so as to warrant modification.

A great deal of Sharon's argument focuses on the income of Thomas' current wife, Nancy. Sharon has also remarried and, according to her testimony, her husband contributes to the household expenses but does not contribute to the house payment.

■■ Nancy is employed by the family pizza corporation and earns an annual salary of over $28,000. She works for the corporation on a full-time basis and has a demanding job. There is no evidence that she earns other than her own salary or that she is worth less to the corporation and is being paid salary that should have gone to Thomas. Nancy has, by virtue of Donald being in their home, assumed a portion of Donald's physical care and the record reflects she has cooperated where possible in providing child care for the other children. Her support obligation to Donald is limited to the extent his being in her home may have increased the cost of his maintenance by reason of a higher living scale than he experienced during the marriage of his mother and father. *See Mears*, 213 N.W.2d at 518. She has no further obligation to support the children of her husband's first marriage. *See Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974). We limit our consideration of Nancy's financial resources to the extent it relates to Thomas' overall financial condition. *Page*, 219 N.W.2d at 558. We also consider the financial resources of Sharon's husband only as

it relates to her overall financial condition and recognize his support obligation to her two children is limited to any increase in cost of maintenance they experience by reason of any higher scale of living they experienced because of his presence in the home. *Mears*, 213 N.W.2d at 518; *Page*, 219 N.W.2d at 558. We recognize Sharon's husband assumes a portion of their physical care.

### III. A BETTER STANDARD OF LIVING FOR DONALD

The record clearly reflects both homes have sufficient resources to more than adequately provide for the children in their care. They both take vacation and spend money for recreational pursuits.

Our job is not to weigh the situation to assure all three children enjoy exactly the same luxuries. That is impossible even in a two-parent home where the children live under the same roof. Children have different needs and desires. The fact that the two children in Sharon's care do not have as many bikes as the child in Thomas' care is not a consideration for modification.

Reviewing the record as a whole, we fail to find Thomas' financial situation has changed so as to justify modification.

### IV FEES

Sharon has requested attorney fees. Thomas contends attorney fees are not proper in a modification. We point out to him the case law he cites in support of his position predates July 1, 1984, when Iowa Code § 598.36 (1985) was amended to provide for attorney fees in a modification. Said fees, however, are not recoverable as a matter of right but rest within the court's discretion. *See In re Marriage of Phipps*, 379 N.W.2d 26, 29 (Iowa App.1985); *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App.1983). Considering the fact that Sharon was not successful in her application, we do not find an award of attorney fees proper at this time. We will not consider an attorney fee application by Thomas. Appellate costs are taxed to Sharon.

AFFIRMED.