In re the MARRIAGE OF David Lloyd LINBERG and Kathie Lou Junker, f/k/a Kathie Lou Linberg.

Upon the Petition of David Lloyd Linberg, Petitioner–Appellant/ Cross–Appellee,

And Concerning Kathie Lou Junker, f/k/a Kathie Lou Linberg, Respondent–Appellee/Cross–Appellant.

No. 89–1368.

Court of Appeals of Iowa.

Sept. 26, 1990.

Maynard S. Telpner, of Telpner, Smith, Sawatzke & Ruesch, Council Bluffs, for petitioner-appellant.

Curtis J. Heithoff, Council Bluffs, for respondent-appellee.

**SACKETT, Judge.**

This appeal addresses the issues of modification of child support and the obligation of a divorced parent to support an unmarried adult daughter under the age of twenty-two who is a college student.

Petitioner-appellant David Lloyd Linberg appeals an order modifying his dissolution decree by increasing his obligation for child support and ordering payment of support to his college-age daughter. He also contends the trial court was not correct in its order directing him to pay support for an adult daughter. We affirm as modified.

Respondent-appellee Kathie Lou Junker contends she should have relief on cross-appeal. David contends her notice of cross-appeal was not timely filed. We agree and dismiss the cross-appeal.

In May of 1978 the marriage of John and Kathie Linberg was dissolved. Custody of the two children of the marriage, Katherine born in March 1971, and Beth born in March 1975, was awarded to Kathie. John was ordered to pay child support of $300 per month until Katherine reached eighteen years of age, died, married, or became self-supporting, at which time the support was to be reduced to $150 per month. Katherine became eighteen in March 1989, and David reduced his support to $150 per month.

After Katherine became eighteen, Kathie filed an application to modify the decree. She asked the court to find the support for Katherine did not terminate when Kath-erine reached eighteen years of age because Katherine continued to be a student. She also sought increased moneys for both girls.

The trial court found the support had not terminated when Katherine reached eighteen years of age. David was ordered to pay $750, to represent the $150 a month the court concluded he owed for Katherine from the time she reached eighteen until the decree was modified. The decree was then modified to provide that David pay $300 a month for each child.

## I.

David contends the trial court incorrectly ordered that under Iowa Code section 598.1 (1989) he was responsible to continue the support for Katherine after she turned eighteen, even though the decree provided to the contrary. Kathie contends the trial court was correct, because even though Katherine was an adult, she continued to be a student. We agree with David on this issue. The support obligation for a minor child ceases at age eighteen. The language of section 598.1 provides:

"Support" or "support payments" means an amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe these obligations. The obligations *may* include support for a child who is between the ages of eighteen and twenty-two years who is regularly attending an accredited school in pursuance of a course of study leading to a high school diploma or its equivalent, regularly attending a course of vocational-technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs, or is, in good faith, a full-time student in a college, university, or area school; or has been accepted for admission to a college, university, or area school and the next regular term has not yet begun; or a child of any age who is dependent on the parties to the dissolu-

tion proceedings because of physical or mental disability. (emphasis supplied).

The language of the statute is permissive, not mandatory. The decree clearly cut off support at age eighteen. To continue support past that age requires a provision in the decree that support continue. There was no such provision in this decree. The support terminated at age eighteen. The issue of whether the trial court could have ordered retroactive payments for Katherine was not raised. We modify the trial court's order to omit the $750 the trial court ordered paid to time of modification.

## II.

The trial court ordered support for each child in the amount of $300 a month. David contends this is excessive. David's argument encompasses two issues. The first is child support for the minor child. The second is support for the adult child still a student.

■ We find the increase in the parties' incomes, inflation and the cost of raising older children are such change of circumstances that there should be a modification of the child support award. *See Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972).

To assess the reasonableness of the child support ordered for the minor child Beth, we look to the support guidelines. We remand to the trial court to apply the guidelines. We do not retain jurisdiction. Until a further order is entered, we direct that David pay support for Beth in accordance with the trial court's order modifying child support.

■ David argues Kathie should have been required to report her current husband's financial situation. We agree. The income of a stepparent is relevant. A stepparent's income is considered as it relates to his or her spouse's overall financial condition. *See Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); *Mears v. Mears*, 213 N.W.2d 511, 518 (Iowa 1973); *In re Marriage of Mueller*, 400 N.W.2d 86, 88–9 (Iowa App.1986). Kathie's husband's support obligation to the children is limited to the extent the child being in his home may

have increased the cost of the child's maintenance by reason of the higher living standard she may have experienced by reason of being in his home. *Mueller*, 400 N.W.2d at 88.

The child support guidelines do not make actual provision for a stepparent's income; except that under the guidelines, the stepparent's income is relevant in computing the parent's actual federal and state income tax liability. We direct that Kathie make this information available to the trial court.

■ David's next contention is his ordered contribution to Katherine is excessive. The completion of the child support obligation does not prevent the court from requiring child support for college expenses. *In re Marriage of Pieper*, 369 N.W.2d 439, 441–442 (Iowa 1985). We determine the child support guidelines are not applicable to determine support for an unmarried adult child under twenty-two years of age who is a student. A divorced parent's obligation to support his or her child past the age of eighteen years is determined by section 598.1(2). This section imposes an obligation on divorced parents toward their adult offsprings who are students. There is no corresponding statutory obligation imposed on married parents of adult students. *See In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App. 1984); *In re Marriage of Lieberman*, 426 N.W.2d 683, 685 (Iowa App.1988).

■ This duty to provide college support extends to both parents. *Byall*, 353 N.W.2d at 107. The statute does not require support in all cases, but allows the trial court in its discretion to award support of children through college under the proper circumstances. *In re Marriage of Vrban*, 293 N.W.2d 198, 203 (Iowa 1980); *Byall*, 353 N.W.2d at 107; *see also Lieberman*, 426 N.W.2d at 685. (issue of consideration of trust funds available to child different when considering support obligation to minor child and that imposed on divorced parent for expenses beyond majority).

In assessing David's obligation, we consider the ability of the child for college, (2) the age of the child, (3) the financial conditions of the parents, and (4) whether the child is self-sustaining. *Vrban*, 293 N.W.2d at 203; *Byall*, 353 N.W.2d at 107. Katherine appears able to do college work, is unmarried under the age of twenty-two years, and currently not self-sustaining. The questions are what are her needs and what are her parent's financial resources and abilities to pay. *See Sandler v. Sandler*, 165 N.W.2d 799, 802 (Iowa 1969); *Gerk v. Gerk*, 259 Iowa 293, 300, 144 N.W.2d 104, 109 (1966); *In re Marriage of Frink*, 409 N.W.2d 477, 481 (Iowa App. 1987).

The original decree provided for David to pay toward an insurance policy which would have provided minimal help with college expenses. David did not follow those dictates, and as part of this modification was relieved from responsibility for the policy. We consider this factor and David's income of nearly $34,000 annually in assessing his obligation.

Katherine has decided to attend a private Iowa college. Tuition/room and board were nearly $11,000. David contends these expenses are too high. When parents are of limited financial means there is no need to obligate them for college expenses beyond those of attending a state supported institution in the state of the student's residence. *Lieberman*, 426 N.W.2d at 686; *Frink*, 409 N.W.2d at 481. David's means are such that we consider the costs at a public university and project such costs at about $7,500 a year. We consider a $300 a month contribution to this cost by David to be reasonable, and we affirm the trial court on this issue. In addressing this issue, we have again considered David's argument that we have no information on Kathie's husband's income. Kathie's husband's income is relevant to her ability to contribute to her daughter's college education. *See Page*, 219 N.W.2d at 558; *Mueller*, 400 N.W.2d at 88–89. However, we do not find a remand on this issue necessary. David has the ability to make the ordered amount and we consider it equitable.

### III.

Kathie filed a cross-appeal. David contends it was not timely. Kathie's cross-appeal was filed more than five days after David's appeal, and more than thirty days after the decree from which appeal was taken. Iowa R. of App.P. 5 provides:

> A cross-appeal may be taken within the thirty days for taking an appeal or in any event within five days after the appeal is taken.

Kathie admits her appeal was not filed during the time frame established by the rules. She asks that her cross-appeal be considered timely. She contends the five-day time following an appeal is not sufficient to decide whether cross-appeal is necessary. What Kathie's argument ignores is that she had the same rights of appeal as David, and the five-day time is merely an extension of time. Her cross-appeal was not timely. We have no jurisdication to grant the relief requested on cross-appeal. We dismiss the cross-appeal. *See Carpenter v. Ruperto*, 315 N.W.2d 782, 786 (Iowa 1982).

AFFIRMED AS MODIFIED AND RE-MANDED.

All Judges concur except HAYDEN, J., who specially concurs.

HAYDEN, Judge (specially concurring).

I concur in the result.