In re the MARRIAGE OF Gregory G. KEOPKE and Jacqueline M. Keopke

Upon the Petition of

Gregory G. Keopke, Petitioner–Appellee,

And Concerning

Jacqueline M. Koepke, Respondent–Appellant.

No. 91–750.

Court of Appeals of Iowa.

Feb. 25, 1992.

William H. Habhab, Fort Dodge, for appellant.

No appearance by appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Respondent-appellant Jacqueline Keopke appeals following a trial court's order modifying her dissolution decrees to increase child support. The issues are (1) whether the trial court was correct in determining the fact Jacqueline lived with a man who contributed to household expenses justified a departure from the guidelines, and (2) whether the trial court should have ordered the support increased from the date of filing the petition to modify rather than from the date of filing the modification order. We hold the contribution to the household by Jacqueline's boyfriend did not justify a departure from the guidelines. We modify the order appealed from and fix child support at the amount provided for in the guidelines. We affirm the trial court's decision to increase the child support as of the date of the filing of the decree modifying.

The parties' marriage was dissolved in July 1988. Physical care of the parties' three children born September 5, 1982, September 6, 1984, and January 7, 1986, was placed with Jacqueline. Gregory was then, and is now in the United States military. Jacqueline filed a petition for modification in August 1990. Gregory answered. The matter came on for hearing. Jacqueline appeared. Gregory did not appear but was represented by counsel. The trial court found there had been a substantial change of circumstances, and the decree should be modified. The trial court computed the net monthly income of Jacqueline and Gregory, and applied the child support guidelines. The trial court determined the child support guidelines would dictate a monthly support obligation on Gregory's behalf of $653. The trial court then said:

However, the Court will reduce that sum $100 per month for the contribution by Jackie's friend. Although its payment, at the present time, is substantially more than that figure, it includes expenses for his living, which would be a sizable chunk of that amount. Also, there is not any assurance that figure will remain the same and may very likely be reduced.

The trial court ordered the child support be increased to $553 per month. Furthermore, the court ordered Gregory pay one-half of the uninsured medical expenses of each child. In addition, Gregory was ordered to pay $480 toward Jacqueline's attorney fees.

The questions are (1) whether the fact Jacqueline lives with a boyfriend who makes contributions to her household is a factor that justified a departure from the child support guidelines, and (2) whether the money Jacqueline's boyfriend contributes to her household should be considered as income to Jacqueline for purposes of applying the guidelines.

■ With the adoption of the guidelines, the court is no longer required to consider statutory factors in fixing child support. *In re Marriage of Lalone,* 469 N.W.2d 695, 697 (Iowa 1991); *In re Marriage of Miller,* 475 N.W.2d 675, 678 (Iowa App.1991). However, the factors may be considered when the guidelines require judicial discretion or if the guidelines award would be unjustified or inappropriate. *Lalone,* 469 N.W.2d at 697; *Miller,* 475 N.W.2d at 678.

■ The issue of a live-in boyfriend's or girlfriend's income has not been addressed by the Iowa court in considering the application of the child support guidelines.

Case law decided prior to the adoption of the child support guidelines is helpful in addressing this issue. In *Mears v. Mears* 213 N.W.2d 511, 518 (Iowa 1973), the Iowa court addressed a stepparent's duty of support and said:

> Where a stepfather has taken into his home his wife's children by a former marriage which has ended in divorce or dissolution the question of his duty to support his wife's children while in his home should be limited to the extent their being in his home may have increased the cost of their maintenance by reason of a higher living scale than that experienced during the marriage of their father and mother.

*See also Page v. Page*, 219 N.W.2d 556, 558 (Iowa 1974); *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990); *In re Marriage of Mueller*, 400 N.W.2d 86, 88–89 (Iowa App.1986). These cases dictate the support obligation of a noncustodial parent should not be reduced to an amount less than that provided for under the child support guidelines because a stepparent or the custodial parent's boyfriend or girlfriend makes contributions to the household. The contribution of the stepparent or boyfriend or girlfriend is only relevant to the extent his or her contribution may increase the cost of the child's maintenance by reason of the higher standard of living the children may experience by reason of him or her being in the home. *See Mueller*, 400 N.W.2d at 88.

We next address the question of whether the contributions of Jacqueline's boyfriend should be considered Jacqueline's income in applying the guidelines. We note that even if it were income to Jacqueline, it would not change the support figure Gregory is to pay under the guidelines. However, we do not consider payments made by a boyfriend or girlfriend living with a custodial parent as income to the custodial parent.

We modify to provide that child support should be paid in the amount of $653 per month as long as three children qualify, the sum of $558 per month as long as two children qualify, and the sum of $415 per month as long as one child qualifies.

The next question is when Gregory should commence paying the increased support. The trial court determined the support should be increased as of the date of the decree modifying. Jacqueline contends she should receive the increased support from the date she filed the petition to modify. It is not unusual for increases in support awards to be made retroactive. *In re Marriage of Hayne*, 334 N.W.2d 347, 352 (Iowa App.1983); *see e.g. Willcox v. Bradrick*, 319 N.W.2d 216, 219 (Iowa 1982); *Spaulding v. Spaulding*, 204 N.W.2d 634, 636 (Iowa 1973). However, saying that a court *may* order higher support payments to be paid retroactively is not the same as saying that it *must* do so. *Hayne*, 334 N.W.2d at 352. We do not find the trial court abused its discretion in ordering that increased support in this amount should be payable commencing on April 15, 1991, that being the date of the trial court's modification. The record before us is not sufficient to support a finding that grounds for modification existed at the time of the filing of the modification petition. We affirm the trial court on this issue. The ordered support can be paid one-half on the 15th and one-half on the 30th of each month.

Jacqueline has requested attorney fees on appeal. We order Gregory pay $200 toward her attorney fees on appeal. All costs on appeal are taxed to Gregory.

AFFIRMED AS MODIFIED.

HABHAB, J., takes no part.