In re the **MARRIAGE OF** Nancy Rae **HESS** and David Lamont Hess

Upon the Petition of Nancy Rae Hess, Appellant,

And Concerning David Lamont Hess, Appellee.

No. 93–1334.

Court of Appeals of Iowa.

Aug. 25, 1994.

James C. Ellefson of Welp, Harrison, Brennecke & Moore, Marshalltown, for appellant.

Michael A. Smith of Lundy, Butler & Smith, P.C., Eldora, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Nancy Hess appeals the judgment of the district court denying her application to modify the support provisions of the parties' dissolution decree. We affirm as modified.

Nancy and David Hess's marriage was dissolved in 1978. Nancy was awarded primary care of the parties' children: Robert, born in 1974, and Matthew, born in 1976. David was ordered to pay child support in the amount of $125 per month per child.

The original decree was modified in 1987 based upon a stipulation between the parties. David received sole custody of Robert while Nancy received sole custody of Matthew. Neither party was to pay support, but David was to continue providing medical insurance for the boys up to age twenty-two so long as they were attending college.

In November 1992 Nancy filed a petition for modification, stating Robert was no long-

er living with David as he attended the University of Iowa, and David should be required to pay child support for Matthew who remained at home with Nancy. Nancy also requested the court determine the parties' obligations with respect to Matthew's college education. Matthew plans to attend college after graduating in May 1994.

The district court determined Nancy's net monthly income was $3249 and David's was $2253.76. The district court denied Nancy's request for child support and ordered Nancy to pay a minimum of $2500 per semester to Robert's college expenses and David to pay a minimum of $1000 per semester. Finally, the court reserved ruling on payment of Matthew's college expenses. Both parties filed rule 179(b) motions. Relevant to this appeal, the district court denied Nancy's motion renewing a request for child support.

■ Our review of a district court's modification decree is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

■ Nancy contends there has been a substantial change in circumstances which warrants a second modification. She argues Robert's absence from David's home since March of 1992 requires modification. We disagree.

■ Modification of a dissolution decree is only allowed when there has been a material and substantial change in circumstances since the entry of the decree or its latest modification of the provisions involved. *In re Marriage of Bergfeld*, 465 N.W.2d 865, 870 (Iowa 1991). "The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of Kern*, 408 N.W.2d 387, 389 (Iowa App.1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983)).

The principles enumerated in *Vetternack* and applied in *Kern* are applicable here as well:

A number of principles emerge from our cases: (1) there must be a substantial and material change in the circumstances occurring after the entry of the decree; (2) not every change in circumstances is sufficient; (3) it must appear that continued enforcement of the original decree would, as a result of the changed conditions, result in positive wrong or injustice; (4) the change in circumstances must be permanent or continuous rather than temporary; (5) the change in financial conditions must be substantial; and (6) *the change in circumstances must not have been within the contemplation of the trial court when the original decree was entered.*

*Vetternack*, 334 N.W.2d at 762 (emphasis added).

The record clearly indicates Robert's leaving for college was contemplated by the trial court at the time of the first modification. At that time Nancy and David entered into a stipulation that contained a provision requiring David to provide medical insurance for both children up to the age of twenty-two years provided they were enrolled in or admitted to college. This stipulation was incorporated by reference into the original decree.

Nancy cannot claim now, simply because Robert is attending college, that David must pay child support for Matthew. This is in clear contradiction of the stipulation.

In our review of the record we fail to find any other substantial change in circumstance which requires an order of child support to be imposed on David. We therefore conclude the children's attendance in college was well within the contemplation of the trial court at the time of the first modification. A second modification would be inequitable.

■ We have considered Nancy's claim that she is entitled to child support because the previously ordered child support (in this case, nothing) deviates by ten percent or more from the amount David would owe under the most current child support guidelines. Therefore, she contends this is a substantial change in circumstances which supports modification according to Iowa Code section 598.21(9) (1993). We disagree.

The ten-percent deviation rule does not apply in this situation because of the stipulation between the parties which stated neither parent was to pay child support to the other. The stipulation was valid and enforceable, and it did not adversely affect the best interests of the children. *See In re Marriage of Zeliadt*, 390 N.W.2d 117, 119 (Iowa 1986).

However, even if the rule did apply it would be unfair and inequitable to apply it in this situation. Since the time of the first modification, Nancy's income has been greater than David's monthly income. If the parties had not stipulated as to child support at that time, Nancy would have owed David more in child support than David owed her per month. Now that David no longer has a child in his home, the child support guidelines would require him to pay Nancy $507 per month.

Substantial injustice to David would result if the child support guidelines were applied now. Nancy relied on the stipulation for a number of years, and it kept her from having to pay monthly support to David. She cannot claim she is disadvantaged by the same agreement. The district court is affirmed on this issue.

Next, Nancy contends the trial court should have established the parties' financial obligations for Matthew's college education. At the time of the modification hearing, Matthew was seventeen years old and was entering his last year of high school.

Nancy requests she be required to pay sixty percent and David pay forty percent of Matthew's college expenses. In requiring a parent to pay support for college expenses, a court should consider: (1) ability of the child for college; (2) the age of the child; (3) the financial condition of the parents; and (4) whether the child is self-sustaining. *In re Marriage of Linberg*, 462 N.W.2d 698, 702 (Iowa App.1990).

Nancy and David currently split Robert's college expenses according to the percentages above. After considering these factors, we modify the decree to provide that Nancy shall be responsible for sixty percent and David shall be responsible for forty percent of the costs of Matthew's college expenses.

These expenses shall be limited to tuition, room, board, and books at a state-supported institution in the state of Matthew's residence, so long as he otherwise qualifies. *See id.*

We determine any other issues the parties may have raised are either covered by this opinion or are without merit. Each party shall be responsible for his or her own costs of this appeal.

**AFFIRMED AS MODIFIED.**