In re the **MARRIAGE OF John G. BIRCHER and Robin J. Bircher.**

Upon the Petition of

**John G. Bircher, Petitioner–Appellant/Cross–Appellee,**

And Concerning

**Robin J. Bircher, Respondent–Appellee/Cross–Appellant.**

No. 94–0731.

Court of Appeals of Iowa.

April 28, 1995.

Larry L. Miller, Des Moines, for John Bircher (hereinafter appellant).

Dan T. McGrevey, Fort Dodge, for Robin Bircher (hereinafter appellee).

Heard by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Petitioner-appellant John G. Bircher appeals and respondent-appellee Robin J. Bircher cross-appeals from a trial court order modifying the custody and child support provisions of their 1982 dissolution decree. We affirm. John and Robin had two children, Ryan, born December 17, 1976, and an older child, Aaron, born July 23, 1971. Initially the physical care of both children was awarded to Robin. John was ordered to pay child support for both children. Aaron resided with Robin until he reached his majority and his physical care is not an issue.

The modification action concerns the physical care of Ryan. In the modification, the physical care of Ryan was transferred from Robin to John and Robin was ordered to pay John child support. John contends the trial court should have ordered child support retroactive to the date he filed the petition to modify and incorrectly credited Robin with child support he had never been ordered to pay.

Robin cross-appeals contending she should have an offset against her current support obligation for support she provided for their older child after he turned eighteen and she should have a current credit against support she is to pay John for support he should have paid her. Both parties ask we order the other to contribute toward their attorney fees.

During the summer of 1992, Ryan expressed a desire to live with John. On August 31, 1992, John filed a petition to modify the dissolution decree contending Ryan was living with him and asking Ryan's physical

care be transferred to him. John filed an application for a temporary custody order. Robin answered the application stating that Aaron was living with her and she asked the court to consider this in making orders. The parties resolved their differences. On October 13, 1992, the trial court recognized this fact and entered an order granting John temporary physical care of Ryan and provided Robin not be required to pay temporary child support during the pendency of the proceedings. In April 1993, the trial court ordered the matter set for trial.

In June 1993, John filed an application for temporary support for Ryan. Robin resisted the application and affirmatively alleged John had not assisted her with the college expenses of Aaron. The matter came on for hearing. Neither John nor his attorney appeared. Robin then filed what she termed a counterclaim asking for credit for support John had not paid toward his obligation to Ryan and asked for a further offset against child support for college expenses she paid for Aaron.

The matter came on for hearing and on March 30, 1994, the trial court entered an order modifying the custodial arrangement providing Ryan's physical care be transferred to John. The court found Robin had no objection to this change. The court ordered Robin to pay child support of $509.71 a month commencing April 15, 1994, and a like amount on the 15th of each month until Ryan reaches age eighteen or graduated from high school, unless the child is emancipated earlier. Robin was allowed to claim Ryan as a dependent for income tax purposes. The court ordered Robin and John to pay their own attorney fees.

■ John first contends the trial court should have ordered Robin to pay child support from the date of the filing of the petition to modify. The trial court has discretion to do so. *See In re Marriage of Shepherd*, 429 N.W.2d 145, 147 (Iowa 1988); *In re Marriage of Chesterman*, 462 N.W.2d 696, 698 (Iowa App.1990). We do not find the trial court abused its discretion in not ordering the support to be paid from the date of the filing of the petition to modify in this instance. *See In re Marriage of Keopke*, 483

N.W.2d 612, 614 (Iowa App.1992). In assessing this issue we consider, as did the trial court, the initial agreement of John when he gained temporary custody not to seek support from Robin. We consider, too, that at the time Robin was supporting Aaron, and while there was no support order requiring John pay support for Aaron, it was a proper and equitable consideration on the issue of Robin's obligation for retroactive support. Furthermore, Robin alone contributed to Aaron's educational expenses beyond high school. We, as did the trial court, also consider this in assessing the equity of not ordering the child support to be paid retroactively. We affirm on this issue.

■ We next address Robin's cross-appeal. After the modification order was entered, Robin filed an application for a declaratory judgment asking the trial court to resolve a dispute she and John had as to support due her under the original decree. She contended, under the terms of the dissolution decree, John owed her child support for Aaron. She asked the amount of delinquent child support and John's contribution to what she had paid for Aaron's college expenses be set off against her obligation to John to pay child support.

The trial court found Robin had filed a counterclaim in the modification action asking she be allowed to offset any child support obligation owed her for child support and for college expenses she paid for Aaron. The trial court found Aaron turned eighteen on July 23, 1989, and that terminated John's support obligation under the original decree. Aaron apparently was nearly twenty years old before he completed high school.

The trial court further found Aaron had attended Brown Institute in Minneapolis from January to July 1992, and Robin claimed to have paid some ten thousand dollars for his education during this period. The trial court found it had considered the college expenses she paid in rejecting John's request for retroactive child support for the two years Ryan lived with him with there being no child support obligation assessed to Robin.

Robin contends she is entitled to child support from the time Aaron turned eighteen years of age until he graduated from high school.

We agree with the trial court's interpretation of the decree.

With regard to Aaron's support, the original decree provided as follows:

> Respondent shall be awarded the sum of $425.00 per month as child support for the minor children. *This amount shall be reduced to $300.00 per month at such time as the oldest child reaches the age of 18 years or is otherwise emancipated....* (Emphasis added).

Aaron was emancipated at age eighteen and the support terminated. Robin did not seek a modification to extend support past that time nor did the decree, by its terms, extend support past that time. *See In re Marriage of Linberg,* 462 N.W.2d 698, 701 (Iowa App.1990).

Robin raised the issue of John's responsibility under the decree for Aaron's college expenses.

The original decree made the following provision for college expenses:

> Both petitioner and respondent acknowledge that in the event either child desire a college education, both parties will assist financially towards said college education.

We, as did the trial court, considered those expenditures in determining Robin's child support obligation should not be made retroactive. We affirm the trial court on this issue.

The trial court ordered both John and Robin to pay their own trial attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award the complaining party must show that the trial court abused its discretion. *See id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982). We affirm the trial court's decision not to award trial attorney fees.

We award no attorney fees on appeal. Costs on appeal are taxed one-half to each party.

**AFFIRMED.**