In re the MARRIAGE OF Jeffrey Lavern OBER and Linda Marie Ober n/k/a Linda Marie Duncan.

Upon the Petition of Jeffrey Lavern Ober, Appellee,

And Concerning Linda Marie Ober n/k/a Linda Marie Duncan, Appellant.

No. 93–1591.

Court of Appeals of Iowa.

June 27, 1995.

James H. Waters, Des Moines, for appellant.

Dorothy L. Dakin of Dakin Law Office, Boone, for appellee.

Heard by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Linda and Jeff Ober were divorced in 1989. The parties stipulated they would have joint legal custody and split physical custody of their only child, Rochelle. Linda was to have physical custody of Rochelle during the school year, and Jeff was to have physical custody of Rochelle during the summers. It was further agreed each party would have visitation with Rochelle when she was in the

other's physical custody. Specifically, Linda was to have every other weekend visitation and fourteen days of visitation during the summer, to be arranged by the parties. Jeff was to have every other weekend visitation during the school year. Each party was responsible for child support when Rochelle was in his or her custody.

Another provision of the parties' stipulation provided when Rochelle was with Linda, Jeff would donate $100 worth of meat to Linda. Further, when Rochelle was with Jeff, he would pay for $200 of her clothing.

In October 1992 Linda filed a petition for modification requesting she be granted physical care of Rochelle during the summers as well as during the school year. Linda alleged Jeff had not fulfilled his obligation to provide meat and clothing. Linda further alleged Jeff's income had increased and he should be required to pay child support.

Jeff filed an answer and counterclaim requesting the court grant him sole custody of Rochelle and order Linda to pay child support. Jeff later amended his counterclaim by withdrawing his request for sole custody. He continued to request child support for the summer months.

■ At trial the parties agreed to maintain split custody. The trial court correctly acknowledged the Iowa appellate courts generally oppose joint physical care of children. It is allowed in unusual situations where it is in the best interests of the child. See In re Marriage of McElroy, 475 N.W.2d 221, 223 (Iowa App.1991). The trial court determined it was in the best interest of the child to continue the joint primary care. This is not an issue on appeal, and we do not address it. The contested issues remaining were visitation and child support.

After trial the court found Jeff had a net monthly income of $848 and Linda had a net monthly income of $1605. The trial court found Jeff's change of residence to Kansas shortly before trial required a modification of visitation pursuant to the parties' stipulation. The court further found Linda's income had increased and constituted a material and substantial change of circumstances requiring modification of the decree.

The court ordered Linda should have summer visitation with Rochelle for the first five days of June and last eleven days in August. Jeff was ordered to pay monthly child support in the amount of $178.93 during the school year. Linda was ordered to pay monthly child support of $372.36 for the months of June, July, and August.

Linda appeals. Linda raises three arguments on appeal: (1) the trial court did not calculate child support correctly; (2) child support should have been awarded to her from the date of the petition to modify; and (3) the trial court should have awarded her a money judgment because Jeff did not comply with the stipulation and agreement.

## I. Calculation of Child Support.

Linda first disputes the calculation of child support made by the trial court. Specifically, Linda claims child support was incorrectly set because she did not earn the salary attributed to her. She further argues Jeff should have been attributed the salary he earned before moving to Kansas. Our review of this issue is de novo. Iowa R.App.P. 4.

■ Linda claims her financial statement discloses her gross earnings are $920 every two weeks and child support should have been based on this figure. However, she testified this figure represented her earnings in February 1993. She further testified at the time of trial her gross earnings were $960 every two weeks. We hold it is not inequitable to use Linda's income at the time of trial. As of July 1, Linda had earned $12,978.60. Since this amount represented her gross earnings for a six-month period, this amount was doubled for annual gross earnings of $25,958.

As shown in petitioner's Exhibit A, Linda's federal and state income taxes and FICA tax were computed and then deducted. Also deducted from her gross earnings were Linda's medical insurance payments and union dues. The remaining total was divided by twelve months. The result was Linda's monthly income totaled $1605. Our de novo review of the record convinces us this amount is correct.

■ Linda argues Jeff voluntarily reduced his income. Jeff did earn seven dollars per hour when he was in Iowa working for his father. However, Jeff moved to Kansas to be with his girlfriend while she was pursuing a master's degree. In Kansas Jeff is employed and earns $6.25 an hour. Linda argues Jeff's income reduction was voluntary and "self-inflicted."

■ Our supreme court has fashioned a "self-inflicted" rule which can be applied in child support cases "to prevent parents from gaining an advantage by reducing their earning capacity and ability to pay support through improper intent or reckless conduct." *In re Marriage of Foley*, 501 N.W.2d 497, 500 (Iowa 1993).

Our de novo review of the record convinces us Jeff did not reduce his income with the intention to deprive his child of support. Jeff's move to Kansas was not improper or reckless. Therefore, the trial court acted properly in finding Jeff's gross hourly earnings were $6.25 per hour, or $848 net monthly.

■ The trial court applied the net earnings of each parent to the Child Support Guidelines. The trial court did so to ascertain what each parent's respective obligations would be during the time periods each would be considered the noncustodial parent. *See, e.g., In re Marriage of Hansen*, 465 N.W.2d 906, 911 (Iowa App.1990). Pursuant to the guidelines, Jeff was ordered to pay $178.93 per month from September 1 through May 31 each year. Linda was ordered to pay Jeff $372.36 per month in June, July, and August each year. There is nothing in the record to suggest applying the guidelines in this case would be unjust or inequitable. The trial court's calculation of child support is affirmed.

## II. *Start of Child Support.*

We next address the issue of when child support should have commenced. Iowa Code section 598.21(8)(*l*) (1993) provides in pertinent part:

Judgments for child support or child support awards entered pursuant to this chapter, ... of the Code which are subject to a modification proceeding may be retroactively modified only from the date the notice of the pending petition for modification is served on the opposing party.

■ The usage of the word "may" in the foregoing statute gives the trial court discretion in deciding whether modified support payments should become effective from the date the action was filed or from the date of the modification order. *In re Marriage of Keopke*, 483 N.W.2d 612, 614 (Iowa App. 1992); *In re Marriage of Bonnette*, 492 N.W.2d 717, 722 (Iowa App.1992). We review this issue to see whether the trial court abused its discretion. *See Bonnette*, 492 N.W.2d at 722; *Keopke*, 483 N.W.2d at 614.

■ There must be sufficient evidence in the record to support a finding support payments should be made retroactive. *Keopke*, 483 N.W.2d at 614. The record in this case does not support such a finding. We hold the trial court did not abuse its discretion by ordering Jeff's child support payments to start September 1, 1993.

## III. *Clothing and Meat Allowance.*

■ We lastly address Linda's contention Jeff has not followed the stipulation and agreement between the parties. The stipulation and agreement, at page six, stated:

[W]hile Rochelle is with Linda during the school year, Jeff shall donate for Rochelle $100.00 worth of meat. Jeff and Linda will split the costs of Rochelle's clothing for summer months in an amount of at least $200.00.

Linda alleges the trial court should have awarded her a money judgment against Jeff for clothing not supplied and the meat allowance not paid. At trial, Jeff provided receipts he says prove he did follow the stipulation and agreement. We determine Jeff has substantially complied with the trial court's orders. We deny Linda's request for a money judgment.

Any other issues the parties may have raised are either covered by this opinion or are without merit. The trial court is af-

firmed on all issues. Costs on appeal are to be divided evenly between the parties.

**AFFIRMED.**