# IN THE COURT OF APPEALS OF IOWA

No. 23-1243
Filed July 24, 2024

IN RE THE MARRIAGE OF JACK ANDREW SHILKAITIS
AND MARIE ELISABETH SHILKAITIS

Upon the Petition of
JACK ANDREW SHILKAITIS,
    Petitioner-Appellee,

And Concerning
MARIE ELISABETH SHILKAITIS, n/k/a MARIE ELISABETH STUART,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

A parent appeals the district court's ruling modifying the terms of child support contained in her dissolution decree. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RECALCULATION OF CHILD SUPPORT.**

Elizabeth Kellner-Nelson of Kellner-Nelson Law Firm, P.C., West Des Moines, for appellant.

Debra Hockett-Clark of Hope Law Firm, West Des Moines, for appellee.

Considered by Schumacher, P.J., and Ahlers and Langholz, JJ.

**AHLERS, Judge.**

Marie Stuart and Jack Shilkaitis married in 2010 and divorced in 2018. They have one child together, born in 2014. Their stipulated divorce decree gave the parties joint legal custody of the child and placed physical care with Marie. The decree also required Jack to pay $380 per month of child support to Marie.[1] The decree also required Marie to provide medical support, which she does by maintaining health insurance on the child.

In 2021, Marie filed this action seeking to modify Jack's visitation schedule and increase his child-support obligation. Jack filed a counterclaim seeking physical care of the child. Following a trial and a post-trial motion, the district court denied Marie's proposed modification of Jack's visitation rights, dismissed Jack's counterclaim, and increased Jack's child support to $434.27 per month effective July 1, 2023. Marie appeals, challenging only the part of the ruling addressing child support. She contends the court ignored several details in calculating Jack's child-support obligation that should make his child-support obligation higher. She also contends the increase in child support should be retroactive to an earlier date. Jack did not cross-appeal.

### I. Amount of Child Support

We review child-support-modification rulings de novo. *In re Marriage of Walters*, 575 N.W.2d 739, 740 (Iowa 1998). We only disturb the district court's ruling when there is a failure to do equity. *Id.* at 741.

---

[1] The decree set Jack's initial child support obligation at $400 per month but lowered it to $380 starting August 1, 2019. As $380 per month is Jack's current monthly child support obligation, we refer to that figure.

Iowa Code section 598.21C(1) (2021) allows the court to modify child support when a substantial change in circumstances exists. There is a per se substantial change of circumstances when the child support order "varies by ten percent or more from the amount" that would be due under the child support guidelines. Iowa Code § 598.21C(2)(a). Here, the court found $434.27 per month to be the correct amount of child support under the guidelines, which is more than a ten percent change from the original decreed amount of $380.00, so per se grounds for modification were established if the $434.27 figure is accurate. But, while Marie agrees there has been a per se change of circumstances, she contends Jack's monthly child support obligation should be higher than $434.27. Marie claims the court miscalculated Jack's child support obligation because it failed to factor in (1) Jack's tax filing status as married rather than single; (2) the cost of the health insurance premiums Marie pays for the child; (3) the tax consequences stemming from the fact the parties alternate the right to claim the child as a dependent on their tax returns; and (4) the fact that Jack has two qualified additional dependents, not just one.

Jack concedes that the court should have, but did not, factor in his marital status, the fact the parties alternate the right to claim the child as a dependent on their tax returns, and the correct number of qualified additional dependents Jack has. As to the cost of the health insurance premiums, however, Jack contends Marie is not entitled to a deduction for that cost because the premium she pays is not reasonable. *See id.* § 252E.1A(3) (requiring the court to order a party to carry health insurance if the coverage is available at a reasonable cost); Iowa Ct. R. 9.12 (setting rules for determining whether the cost of medical support is reasonable).

He contends he provides health insurance for the child and when the cost of the insurance is deducted from his income, any increase in his child support obligation would be less than ten percent from the current amount he owes, so there is no substantial change of circumstances. As such, Jack contends that the court's order modifying his child-support obligation should be reversed.

We reject Jack's arguments for several reasons. First, the original decree requires Marie to provide the medical insurance. In this action, Jack never sought to modify that provision, so it is not an issue before us on this appeal. Second, Jack did not file a cross-appeal challenging the district court's ruling raising his child support obligation. Because he did not file a cross-appeal, he cannot receive a more favorable result on appeal. *See Anthony v. State*, 374 N.W.2d 662, 664 (Iowa 1985) (noting that a party that does not file a cross appeal is precluded from obtaining a more favorable result on appeal).

Because Jack concedes—and we find—that the other factors should have been accounted for, we only address in detail whether the district court overlooked the premiums Marie pays for the child's health insurance, as she is required to do by the original stipulated decree. The child support worksheet the district court attached to its ruling in this modification action credits neither party for the cost of the child's medical insurance.[2] The child support guidelines call for factoring in a parent's payment of the child's health insurance premiums when the parent is ordered to pay for the child's health insurance, as Marie is ordered to do via the

---

[2] We note that the worksheets include a deduction for cash medical support for Jack. The basis for that deduction for Jack is unclear. We leave it to the district court to properly account for medical support deductions on remand, with or without input from the parties as the district court deems appropriate.

original stipulated decree. *See* Iowa Ct. R. 9.14(2); (5)(a). The district court should have deducted the cost of the child's health insurance from Marie's income in calculating child support.

We reverse the district court's order modifying Jack's child support obligation. We remand to the district court to recalculate child support using the same income figures for both parties previously used by the district court, but we direct the court to properly account for Jack's marital status, the fact that the parties alternate claiming the child as a dependent on their tax returns, the proper number of qualified additional dependents, and Marie's payment of the child's medical insurance premiums.

## II. Retroactivity of Child Support

Marie filed this modification action in August 2021, and Jack's acceptance of service of original notice was filed October 15, 2021. Marie contends that any increase in Jack's child-support obligation should have been retroactive to February 1, 2022, or May 1, 2023, rather than July 1, 2023.

Iowa Code section 598.21C(5) gives the court discretion to make child support retroactive to three months after service of original notice of the modification action. However, the option to make child support retroactive is not mandatory; it is within the district court's discretion to make the modified child-support obligation effective as of the date of the modification order. *In re Marriage of Ober*, 538 N.W.2d 310, 313 (Iowa Ct. App. 1995). In this case, three months after original notice of the modification action was served on Jack was January 15, 2022, which would have made his first payment with the increased amount due February 1, 2022 if the court had made the obligation retroactive. But the district

court had no obligation to make the increase in child support retroactive. *See id.* The district court exercised its discretion to make the increase in child support effective July 1, 2023—the same month in which the court issued the order increasing Jack's child support obligation. We find no abuse of the district court's discretion in not making the increase retroactive. Accordingly, we reject Marie's challenge to the effective date of the increase.

## III.    Conclusion

Because the district court failed to properly account for various deductions for both parties in calculating child support, we reverse the ruling ordering Jack to pay $434.27 per month and remand for recalculation of child support as explained in this opinion. Because the district court did not abuse its discretion by ordering Jack's new support obligation to begin on July 1, 2023, we affirm the part of the court's order setting that date as the start of the new support obligation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RECALCULATION OF CHILD SUPPORT.**